STATE EX REL. BITTER ROOT VALLEY IRR. CO., RELATOR,
v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,732.)

(Submitted September 21, 1915. Decided October 18, 1915.)

[152 Pac. 745.]

*Prohibition — District Judges — Imputed Bias or Prejudice — Disqualifying Affidavit—Statutory Construction.*

District Judges—Disqualifying Affidavit—Who may Make.
   1. *Held*, that the disqualifying affidavit imputing bias or prejudice to a district judge provided for by section 6315, Revised Codes, as amended (Laws 1909, Chap. 114), under which he must not sit or act further in the cause after such an affidavit has been filed, except to arrange the calendar, call in another judge, etc., need not be made by or on behalf of all the plaintiffs or all the defendants who may constitute "either party," but may be made by any one of several coplaintiffs or codefendants.

   [As to construction of word "party" in statute disqualifying judge related to party, see note in Ann. Cas. 1914C, 972.]

Statutory Construction—Rule.
   2. In construing a statute, every word, phrase and term thereof must be considered, and none held to be meaningless if it is possible to give it effect.

   [As to rules for construing statutes, see note in 12 Am. St. Rep. 826.]

Same.
   3. Where one part of a statute is susceptible of two constructions, and the language of another part is clear and definite and is consistent with one of such constructions and opposed to the other, that construction must be adopted which will render all clauses harmonious.

Same.
   4. Where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and where its meaning in one instance is clear, this meaning will be attached to it elsewhere, unless it clearly appears from the whole statute that it was the intention of the legislature to use it in different senses.

   51 Mont.—20

Original application for writ of prohibition by the State, on relation of the Bitter Root Valley Irrigation Company, against the District Court of the Fourth Judicial District in and for the County of Ravalli and the Judge thereof. Peremptory writ issued.

*Mr. F. A. Roberts* and *Messrs. O'Hara & Madeen,* for Relator, submitted a brief; *Mr. R. A. O'Hara* and *Mr. Chas. N. Madeen* argued the cause orally.

*Mr. R. F. Gaines,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In a suit pending in Ravalli county, to which there were several defendants, an affidavit, imputing bias and prejudice to Hon.
[1] R. Lee McCulloch, presiding judge, was prepared and filed by one of the defendants, the Bitter Root Valley Irrigation Company. Judge McCulloch disregarded the affidavit upon the theory that to be effective for any purpose under section 6315, Revised Codes, as amended (Chap. 114, Laws of 1909), such affidavit must be made by all the defendants, or, if made by one, it must be for or on behalf of all. The correctness of that theory is challenged in this proceeding. Paraphrased to meet the question thus presented, subdivision 4 of the statute above reads: Any district judge must not sit or act as such in any action when *either party* makes and files an affidavit, as hereinafter provided, that he has reason to believe and does believe he cannot have a fair and impartial hearing by reason of the bias or prejudice of such judge. Such affidavit may be made by *any party* to an action, motion or proceeding, personally or by his attorney. It is contended that "either party," as used in the statute, must be held to include all who are plaintiffs or defendants, as the case may be.

Subdivision 4 is not free from ambiguity, and will not earn distinction as a model of chaste English. When, however, it is

considered in its entirety, and with the other provisions of the section, the legislative purpose may be discerned with reasonable accuracy. It is an elementary rule of construction that every [2] word, phrase and term of a statute shall be considered, and none shall be held to be meaningless if it is possible to give it effect. (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454.) To adopt the theory of respondents involves a violation of this rule; for if the disqualifying affidavit must be made by or on behalf of everyone who is a defendant, it was unnecessary for the legislature to undertake to elucidate the subject. The bare statement that the affidavit is to be made by either party would suffice. That the lawmakers deemed such an expression insufficient to disclose their intention is apparent from the fact that, after limiting the number of judges to be disqualified in an action or proceeding to two, they concluded subdivision 4 as follows: "And this limitation shall apply however many parties or persons in interest may be plaintiffs or defendants in such action or proceeding." The adoption of the construction suggested by respondents would necessitate a disregard of this language as meaningless.

The entire section [6315] has to do with the subject: "Disqualification of Judges." "The words, phrases and sentences of a statute are to be understood as used, not in any abstract sense, but with due regard to the context, and in that sense which best harmonizes with all other parts of the statute. In expounding one part of a statute, therefore, resort should be had to every other part. * * * And where one part of the statute is susceptible of two constructions, and the language of another part [3, 4] is clear and definite and is consistent with one of such constructions, and opposed to the other, that construction must be adopted which will render all clauses harmonious. Where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and where its meaning in one instance is clear, this meaning will be attached to it elsewhere, unless it clearly appears from the whole

statute that it was the intention of the legislature to use it in different senses." (36 Cyc. 1131.)

The introductory clause and subdivisions 1, 2 and 3 of section 6315 above, as amended, follow:

"Sec. 6315. Any justice, judge or justice of the peace must not sit or act as such in any action or proceeding:

"1. To which he is a party, or in which he is interested.

"2. When he is related to either party by consanguinity or affinity within the sixth degree, computed according to the rules of law.

"3. When he has been attorney or counsel for either party in the action or proceeding, or when he rendered or made the judgment, order or decision appealed from."

It must be apparent to anyone that the word "party" is not used in any of these subdivisions as a collective noun. If the presiding judge is one of several plaintiffs, or one of several defendants, the objection that he ought not to try his own lawsuit could be interposed as forcefully as though he were the sole plaintiff or defendant. The meaning of subdivision 2 is equally as obvious. It could not be insisted that the judge must be related to everyone who is plaintiff or defendant, as the case may be, in order to work his disqualification. If the wife of the judge were one of the several defendants, he would be disqualified to try the cause, even though he were not related at all to any other defendant. The same reasoning applies to the provisions of subdivision 3.

As used in subdivisions 2 and 3, the word "party" is coupled with the word "either," and yet that it is not employed as a collective noun is beyond controversy. Having thus repeatedly used the term "party" in the first three subdivisions of the section to indicate *anyone* who is a plaintiff or defendant, it would appear to be the only legitimate inference that the same meaning was intended when the same term was used in subdivision 4, in connection with the concluding language quoted above, and the further significant phrase, "such affidavit may be made by any party," *etc.* It is not an argument against this deduc-

tion that elsewhere in the Codes the term "party" may be used ·as a collective noun under entirely different circumstances, as was held in *Mullery* v. *Great Northern Ry. Co.,* 50 Mont. 408, 148 Pac. 323.

Upon the filing of this affidavit Judge McCulloch was divested of authority to proceed further in the action, except to arrange the calendar, regulate the order of business, call in another judge to act, or transfer the cause to some other court. (*State ex rel. First T. & S. Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.)

The motion to quash is overruled, and the peremptory writ will issue conforming to the views herein expressed.

*Writ granted.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied November 16, 1915.