CITY OF BUTTE ET AL., APPELLANTS, v. INDUSTRIAL ACCI-
DENT BOARD ET AL., RESPONDENTS.

(No. 3,793.)

(Submitted February 9, 1916.  Decided February 24, 1916.)

[156 Pac. 130.]

*Master and Servant—Cities and Towns—Workmen's Compensa-
tion Act—Statutory Construction—Rules.*

Workmen's Compensation Act—Compulsory as to Cities.
　　1.  *Held*, that plan No. 3 provided by the Workmen's Compensation
　　Act (Laws 1915, Chap. 96, p. 168) is, as to a city, exclusive, com-
　　pulsory and obligatory upon both employer and employee.
Statutory Construction—Rule.
　　2.  In the construction of statutes, every word thereof must be
　　given some meaning if it is possible to do so.
Same—Rule.
　　3.  Where one portion of a statute deals with the subject in hand
　　in general terms, and another in a more minute and definite way,
　　and the two are in apparent inconsistency with each other, they must
　　be read together and harmonized, if possible.
　　　　[As to rule that words of a statute must be given their ordinary
　　meaning, see note in 12 Am. St. Rep. 827.]

*Appeal from District Court, Silver Bow County; John B.
McClernan, Judge.*

PROCEEDINGS by Hugh Smith, employee, for compensation
under the Workmen's Compensation Act against the City of
Butte, employer.  The Industrial Accident Board rejected the
claim, and on appeal to the District Court the order was af-
firmed, and the city appeals.  Reversed and remanded.

*Messrs. J. V. Dwyer, John A. Groeneveld* and *N. A. Roter-
ing,* for Appellants, submitted a brief; *Mr. Groeneveld* argued
the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wag-
ner,* Assistant Attorney General, for Respondents, submitted a
brief; *Mr. Wagner* argued the cause orally.

On Workmen's Compensation Acts generally, see extensive note in
L. R. A. 1916A, 23.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Hugh Smith, an employee of the city of Butte, was injured in the course of his employment on July 6, 1915. He applied for compensation, but the Industrial Accident Board rejected his claim because at that time the city had not elected to be bound by the Workmen's Compensation Act. On appeal the order of the board was affirmed; the district court of Silver Bow [1] county holding that the Workmen's Compensation Law is elective as to the city of Butte. That decision is now before us for review.

The question for solution is not free from doubt or difficulty. Because of the loose language employed in the measure, and the failure to express the legislative intent in plain, terse English, any construction which may be put upon the Act leads to more or less absurd results. Speaking generally, the measure (Chapter 96, Laws 1915) is intended to provide compensation to workmen who are injured, or to dependents of workmen killed, in hazardous undertakings. It provides three plans for securing and making payment. The Act is intended to cover all hazardous employments except certain special classes which are excepted and which need not be considered here. By section 6(i) a public corporation, such as a city, is declared to be an employer within the meaning of the Act. Sections 3(f) and 3(i) read:

"Sec. 3(f). Every employer engaged in the industries, works, occupations, or employments in this Act specified as 'hazardous' may * * * elect whether he will be bound by either of the compensation plans mentioned in this Act. Such election shall be in the form prescribed by the board, and shall state whether such employer shall be bound by compensation plan number one, or compensation plan number two, or compensation plan number three, and a notice of such election, with the nature thereof, shall be posted in a conspicuous place in the place of business of such employer," *etc.*

"Sec. 3(i).  It is the intention of this Act that any employer engaged in hazardous occupations as defined herein shall, before being bound by either of the compensation plans herein provided, elect to be so bound."

Standing alone, these provisions would be susceptible of but one construction, *viz.:* That the Act is not binding upon or applicable to a city until the city elects to be bound in the manner indicated in section 3(f), and that, when it makes its election, it not only *may,* but *must,* choose the particular one of the three plans under which it elects to proceed.  But other provisions of the Act demonstrate that this could not have been the intention of the lawmakers.  Section 3(e) provides: "Where a public corporation is the employer,  *  *  *  the terms, conditions and provisions of compensation plan number three shall be exclusive, compulsory, and obligatory upon both employer and employee."  The attorney general contends that, notwithstanding this language, the Act is elective as to every employer, a public corporation included, but that, whenever the public corporation employer elects to be bound by the Act, its power of election is exhausted, and it cannot choose from among the three plans the one under which it will operate, but must operate under plan No. 3.  If this was the intention of the lawmakers, the least that can be said is that they made a superlative effort to conceal their intention in a multitude of useless words. To express the view of the attorney general, it was only necessary to say: "Whenever a public corporation elects to become subject to this Act, the provisions of compensation plan No. 3 shall be exclusive as to it."  But the legislature did not so express itself; on the contrary, it declared that where a public corporation is the employer, the terms, conditions and provisions of compensation plan No. 3 shall be not only exclusive but compulsory and obligatory as well.  It is a general rule of statu-[2]  tory construction that "every word of a statute must be given some meaning if it is possible to do so."  (*State ex rel. Patterson* v. *Lentz,* 50 Mont. 322, 146 Pac. 932.)  But, if the contention of the attorney general prevailed, the words "com-

pulsory and obligatory'' would be meaningless. Other rules of construction which have been reduced to statutory form are: ''In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.'' (Rev. Codes, sec. 7875.) ''In the construction of a statute the intention of the legislature * * * is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it.'' (Sec. 7876.)

And section 24a of this Act declares: ''Whenever this Act, or any part or section thereof, is interpreted by a court, it shall be liberally construed by such court.''

In *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454, we said: ''Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part [3] of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy.'' The rule applies as well to different portions of the same statute. In *State ex rel. Bitter Root Valley Irr. Co.* v. *District Court,* 51 Mont. 305, 152 Pac. 745, we approved the following rule: ''Where one part of a statute is susceptible of two constructions, and the language of another part is clear and definite and is consistent with one of such constructions and opposed to the other, that construction must be adopted which will render all clauses harmonious.''

We think it is possible to reconcile the apparent inconsistencies in this Act and conform to the rules of construction just quoted. The expressions ''every employer'' and ''any employer'' used, respectively, in sections 3(f) and 3(i), above, and elsewhere in the Act, are used in the generic sense, and, if no qualifications appeared, would include every employer, a public

corporation as well as an individual. But section 3(e) carves out of the general class all public corporations acting as employers, so that the Act in its entirety is elective as to all private employers, but compulsory as to public corporations and contractors engaged in the performance of contract work for such public corporations. The city of Butte had no election, but was bound by the Act, as was its employee, from the time it became effective, July 1, 1915. There are certain considerations which lend color to this view:

(a) The legislature, in section 2(a) of the Act, created the Industrial Accident Board, and provided for the appointment of one member with a definite term of four years at a salary of $4,000 per year. It also made further provision, in section 2(d), for bonding all three members of the board; in 2(g) for a seal; in 2(i) for a secretary; in 2(j) for other assistants and employees; in 2(n) for a supply of blank forms, *etc.;* and in section 23(a) appropriated $50,000 from the general funds of the state for an administrative fund to carry on the work of the board—and all this, under the view of the attorney general, without any assurance that a single employer or employee would be subject to the Act, or that the elaborate machinery thus provided would ever be called upon to perform any function whatever.

(b) Section 40(m) provides: "If any employer shall default in any payment to the Industrial Accident Fund, the sum may be collected by an action at law in the name of the state." If the expression "any employer," as used herein, includes a public corporation, it includes the state; and, if the state should become delinquent in its contributions to the fund, it might sue itself to collect the amount due—a result too absurd to require further comment.

(c) As before observed, the same section—3(f)—which gives an election to every employer also requires *every employer* who has such election to designate his choice of the three plans under which he prefers to act. The words "every employer," as there

used, cannot possibly include a public corporation; for, if they do, section 3(e) is rendered meaningless.

(d) At the time the bill for this Act was under consideration by the legislature the impression was general throughout this country that an Act compulsory upon private employers would not be constitutional, whereas the right of the state to impose the provisions of the Act upon itself could not be questioned (*Wood* v. *City of Detroit* (Mich.), 155 N. W. 592.) There is some reason, therefore, to assume that the legislature made the Act compulsory as far as it was deemed possible to do so.

(e) If "every employer" must be held to include a public corporation in every instance, as contended by the attorney general, then the expression "every employee" would include an employee of a public corporation in every instance; but this cannot be true. Section 3(g) provides: "Every employee in the industries, works, occupations or employments in this Act specified as 'hazardous' shall become subject to and be bound by the provisions of that plan of compensation which shall have been adopted by his employer, unless such employee shall elect not to be bound by any of the compensation provisions of this Act." It cannot be doubted that, after the employer elects to come under the Act his employee may elect for himself whether he will become subject to the Act or not; but under section 3(e) the employee of a public corporation has no such election; he is bound by compensation plan No. 3.

The judgment of the district court is reversed and the cause is remanded, with directions to enter judgment reversing the order of the Industrial Accident Board rejecting the claim of Hugh Smith.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.