LESLIE L. GAFFNEY, Plaintiff and Respondent, *v.* INDUSTRIAL ACCIDENT BOARD, Defendant and Appellant.

No. 9862.

Submitted April 2, 1958. Decided May 12, 1958.

324 Pac. (2d) 1063.

L. V. Harris, Special Asst. Atty. Gen., Helena, for appellant.
Hugh J. Lemire, Miles City, for respondent.

MR. JUSTICE BOTTOMLY:

Leslie L. Gaffney, hereinafter called the claimant, on December 17, 1948, suffered an industrial accident compensable under the Montana Workmen's Compensation Law. See Gaffney v. Industrial Accident Board, 129 Mont. 394, 287 Pac. (2d) 256.

After filing a timely claim for compensation, the claimant continued to work at full pay at his employment until July 1, 1952. Thereafter on October 28, 1953, a hearing was held upon the claim for compensation, which ultimately resulted in the supreme court's opinion of September 15, 1955, that Leslie L. Gaffney be allowed such compensation as is provided

by statute. Right or wrong, the opinion and judgment heretofore pronounced by this court in this cause is binding on all parties, the district court and this court. Libin v. Huffine, 124 Mont. 361, 364, 224 Pac. (2d) 144; Anderson v. Border, 87 Mont. 4, 285 Pac. 174; Central Montana Stockyards v. Fraser, 133 Mont. 168, 320 Pac. (2d) 981, 996.

On December 3, 1955, claimant filed a petition for a lump sum settlement of his claim. On December 12, 1955, the Industrial Accident Board denied the lump sum settlement, and at the same time made an order awarding the claimant ''compensation at the rate of Seventeen Dollars and Fifty Cents ($17.50) per week for total disability permanent in character for a period of 500 weeks commencing with the onset of his disability on or about July 1, 1952'' and paid in a lump sum the accrued compensation to said date.

Claimant petitioned for a rehearing from the above order contending:

(1) That compensation should be paid from the date of injury being December 17, 1948, rather than from the date the claimant ceased to be employed and ceased to draw his regular salary, being July 1, 1952;

(2) That the amount of compensation to be paid should take into consideration each and every increase in the rate of compensation provided by the amendments to the compensation act subsequent to the accident in December 1948; and

(3) That interest at the rate of 6 per cent per annum should be allowed on all compensation from the date of accrual to the date of payment.

The petition for rehearing was denied and the claimant appealed to the district court. The case on appeal to the district court was submitted on briefs, and the only issues involved in the appeal were the above three contentions of the claimant. The act of the Industrial Accident Board in denying the lump sum settlement was not questioned and was not before the court.

The district court resolved all three issues in favor of the

claimant, holding that compensation should commence on December 17, 1948, at the rate provided by law at that time, to be increased from the effective dates of the amendments to section 92-702, R. C. M. 1947; subsequent to December 17, 1948, all such payments to be subject to interest at the rate of 6 per cent per annum from date of accrual to date of payment.

From this order and judgment of the district court the Industrial Accident Board has brought this appeal.

The appeal presents the three questions (1) On what date do the benefits payable under section 92-702, R. C. M. 1947, commence? (2) Are the benefits payable subject to subsequent amendments to section 92-702, R. C. M. 1947, after the date the benefits are due and payable? (3) Are accrued weekly payments under Workmen's Compensation Laws subject to interest from the date of accrual until the date of payment? We shall answer these questions in that order.

The facts here show that the claimant suffered his industrial accident in 1948. At that time however it was not a total disability permanent in character, since the fact that the claimant continued employment at his regular salary, indicated that an essential element of disability at that time was lacking, namely a diminution of wages or salary; that is his earning power was not diminished. See Dosen v. East Butte Copper Min. Co., 78 Mont. 579, 254 Pac. 880. The claimant in 1948 had suffered the "accident" but had not suffered "injury" for compensation purposes within the meaning of section 92-702, supra, until on or about July 1, 1952. The test being, has there or had there been a loss of earning capacity—a loss of ability to earn in the open labor market. See Shaffer v. Midland Empire Pack. Co., 127 Mont. 211, 214, 259 Pac. (2d) 340; Greenfield v. Industrial Accident Board, 133 Mont. 136, 320 Pac. (2d) 1000.

In this case his "injury" became compensable July 1, 1952, when by reason of the deterioration of his physical condition due to the accident of 1948, (Gaffney v. Industrial Accident Board,

supra,) the claimant was unable to continue his employment or any employment, his earning power was wholly destroyed and he was compensable in accordance with the meaning of the statute.

R. C. M. 1947, sec. 92-702, in part, provides: *"Such compensation shall be paid during the period of disability,* but for the period not exceeding five hundred (500) weeks from the date of injury.''

While at first blush the above provisions might be considered ▮ in conflict, it is an old, well-known and established rule, of statutory construction in this jurisdiction, as well as elsewhere, that such parts of a statute must be read together and harmonized if possible so as to express the intent of the legislature in the enactment of the legislation. City of Butte v. Industrial Accident Board, 52 Mont. 75, 156 Pac. 130; State ex rel. Helena Allied Printing Council v. Mitchell, 105 Mont. 326, 336, 74 Pac. (2d) 417.

The Industrial Accident Board's award for compensation for injury producing total disability permanent in character to commence July 1, 1952, the ''date the injury became compensable'' was correct. The claimant although he had suffered an industrial accident in 1948 was not at that time entitled to any compensation. His right to compensation arose upon the date the accident ''injured'' him for compensation purposes and that date was July 1, 1952. It is the theory of compensation laws that the injured workman shall be compensated during the period of disability but not exceeding the designated period. The district court was in error in holding that the compensation should commence December 17, 1948. Under the statutes, if compensation were to commence December 17, 1948, the Board would not have had any monetary liability, as relator continued to work and draw his full salary, until total disability manifested itself in July 1952.

This liability for the accident had been established and admitted as to the date of the accident. All that was left was to

establish the monetary liability when that occasion arose. This was established when it was admitted that the earning power of the claimant had been in this case, completely destroyed as of July 1, 1952. The monetary liability of the Industrial Accident Board commenced on July 1, 1952, being as proved in this case, when the injury became compensable. But this liability had existed since the date of the accident in 1948, subject only to establishment of the date the claimant had a monetary loss as a result of the accident.

The date of the establishment of the monetary liability was July 1, 1952, and the claimant is entitled to his full payments commencing with that date. The obligation to pay commenced on that date. The liability to pay could have arisen at any time on or after December 17, 1948. The law on December 17, 1948, the date when accidental injury was incurred was the law governing the extent of the Industrial Accident Board's liability. The short answer to claimant's contention is that the rates and schedules to be used to determine the monetary liability are those rates and schedules in effect on the date of the accident. These rates are not modified by subsequent amendments between the time of the accident and the time the monetary liability is determined. Yurkovich v. Industrial Accident Board, 132 Mont. 77, 314 Pac. (2d) 866, and cases there cited.

The further question is presented as to the liability of the Industrial Accident Board for interest at the legal rate upon all accrued weekly payments from the date of accrual until payment. The Workmen's Compensation Act as such does not specifically nor otherwise provide that interest should or shall be paid upon accrued compensation payments.

The Montana Workmen's Compensation Law is not designed nor is it the policy thereof to give to the injured employee damages for the injury, but the policy is to compense him in even a meager way for the loss of earning power. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 Pac. 332, 30 A. L. R. 964; Chisholm v. Vocational School for Girls, 103 Mont. 503,

64 Pac. (2d) 838; House v. Anaconda Copper Mining Co., 113 Mont. 406, 126 Pac. (2d) 814.

It should be remembered that the Workmen's Compensation Act, is a special act designed solely to meet the situations and conditions therein particularly dealt with, and that the Industrial Accident Fund is a trust fund to be administered by the Board as trustees and as directed by the Act. The schedule of payments set forth in the Act are the maximum payments that are authorized and therefore allowable under the Act.

In the absence of a specific statute authorizing the charging of interest on accrued compensation payments against this trust fund, no interest may be assessed or charged. This is a matter that, if deemed of sufficient importance, should be called to the attention of the Legislature for proper amendment. The courts may not legislate thereon.

The judgment of the district court is reversed, with directions to enter judgment for the Industrial Accident Board.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.