No. 12626

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA ex rel.
AMSTERDAM LUMBER, INC.,

Relator,

-vs-

DISTRICT COURT OF THE EIGHTEENTH JUDICIAL
DISTRICT FOR THE STATE OF MONTANA IN AND
FOR THE COUNTY OF GALLATIN, and the
HONORABLE FRANK E. BLAIR, PRESIDING JUDGE
THEREOF,

Respondents:

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Drysdale, McLean and Scully, Bozeman, Montana
James A. McLean argued, Bozeman, Montana

For Respondents:

Lyman H. Bennett, Jr. and Lyman Bennett, III argued,
Bozeman, Montana

---

Submitted: November 8, 1973

Decided: NOV 2 7 1973

Filed: NOV 2 7 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks a writ of mandate or other appropriate writ to compel a district judge to relinquish jurisdiction pursuant to an affidavit of disqualification filed against him in civil cause #20055 in the district court of Gallatin County and to stay further proceedings therein until a new judge assumes jurisdiction.

Petitioner is Amsterdam Lumber, Inc., the defendant in civil cause #20055 entitled "Kamp Implement Company, a corporation, Thomas J. Kamp and Fenna H. Kamp v. Amsterdam Lumber, Inc." in the district court of Gallatin County. This action seeks to set aside a default judgment secured by petitioner against Kamp Implement Company, a corporation, Thomas J. Kamp and Fenna H. Kamp in civil cause #19818 in the same court.

The Hon. W. W. Lessley was the original judge in jurisdiction in cause #20055. Judge Lessley was disqualified and the Hon. Jack D. Shanstrom thereafter assumed jurisdiction. Judge Shanstrom heard the case without a jury, the respective parties submitted proposed findings of fact and conclusions of law, and Judge Shanstrom thereafter entered findings of fact and conclusions of law identical to those submitted by plaintiffs Kamp Implement Company, a corporation, et al., but added the additional phrase "LET JUDGMENT ENTER ACCORDINGLY". These were signed by Judge Shanstrom on June 27, 1973 and filed with the clerk of court on June 29, 1973.

Subsequently on July 11, Judge Shanstrom entered an order nunc pro tunc reciting that he had made a clerical error in signing the findings of fact and conclusions of law submitted by plaintiffs, voided the same, and entered findings of fact and conclusions of law identical to those originally proposed by defendant Amsterdam Lumber, Inc. with the additional phrase "Let the Attorney for the Defendant prepare the appropriate Judgment."

- 2 -

On July 18, plaintiffs Kamp Implement Company, et al. filed exceptions to the order nunc pro tunc and the amended findings of fact and conclusions of law, together with a motion to annul the same.

On July 25, Judge Shanstrom entered judgment in conformity with the substituted findings of fact and conclusions of law. Thereafter Judge Shanstrom disqualified himself and the Hon. Frank E.Blair assumed jurisdiction.

Judge Blair held a hearing on plaintiffs' motion of July 18. On September 21, Judge Blair entered an order (1) voiding Judge Shanstrom's nunc pro tunc order, (2) voiding Judge Shanstrom's substituted findings of fact and conclusions of law, (3) voiding the judgment in conformity with the substituted findings, and (4) reinstating the original findings of fact and conclusions of law proposed by plaintiffs, Kamp Implement Company, et al. Judge Blair filed an extensive opinion with his order, the substance of which was that any error that may have been made in the original findings and conclusions was a judicial error rather than a clerical error, precluding the subsequent entry of the order nunc pro tunc and the substituted findings and conclusions.

On October 1, Judge Blair entered judgment in conformity with Judge Shanstrom's original findings of fact and conclusions of law.

On October 2, plaintiffs filed and served a notice of entry of judgment and tender of payment of the amount owed by plaintiffs to defendant under the judgment of the previous day by depositing $8,948.97 in a Bozeman bank pursuant to section 58-423, R.C.M. 1947.

On October 11, defendant Amsterdam Lumber, Inc. filed a motion to alter or vacate the order and judgment entered by Judge Blair, or in the alternative for a new trial. On the same day defendant filed an affidavit of disqualification of Judge Blair.

On October 18, plaintiffs Kamp Implement Company, et al. filed a motion to strike the affidavit of disqualification of Judge Blair.

On October 19, Judge Blair granted plaintiffs' motion to strike the disqualification affidavit and overruled defendant's motion to continue the cause on the ground that Judge Blair did not have jurisdiction. Judge Blair proceeded to hear defendant's motion to alter or vacate his previous order and judgment or in the alternative for a new trial and took the matter under advisement.

On October 25, petitioner Amsterdam Lumber, Inc. filed the instant original proceeding in this Court seeking a writ of mandate or other appropriate writ to compel Judge Blair to honor the affidavit of disqualification and relinquish jurisdiction in cause #20055. On the same day petitioner was heard ex parte and this Court issued an order setting the matter for adversary hearing.

Service of process in the instant proceeding was made on Judge Blair on October 26. Judge Blair acknowledged service and appended the following notation thereon:

> "Decision has been made in all matters presented to me by counsel and mailed to the clerk of court for filing.
>
> "Dated October 26, 1973 at 2:25 p.m. o'clock.
>
> "/s/ Frank E. Blair
> "     Judge presiding."

Judge Blair's order denying the motion of Amsterdam Lumber, Inc. to alter or vacate his previous order and judgment or in the alternative for a new trial was dated October 26 and received by the clerk of court for filing on October 29.

Judge Blair filed an extensive opinion with his order of denial. The gist of this opinion gave three reasons for his decision: (1) the presiding judge cannot be disqualified by a litigant after judgment and prior to hearing a motion for new trial, (2) Judge Shanstrom's order nunc pro tunc and substitution of findings was invalid because a judicial error rather than

- 4 -

a clerical error was involved, and (3) the issues raised by Amsterdam Lumber, Inc.'s motion are moot as the judgment has been paid in full.

The adversary hearing was held before this Court in the instant original proceeding on November 8. Immediately prior thereto respondents filed a motion to dismiss on three grounds (1) that a writ of mandate is not an available remedy, (2) that the issues were moot, and (3) that the affidavit of disqualification was defective.

The matter before us presents a procedural tangle of considerable proportions. Our approach is to promptly unsnarl this procedural morass to enable the trial court to finally resolve the substantive rights of the parties on the merits of the litigation.

This brings us to the first issue: Is a writ of mandate or other appropriate writ available as a remedy? We need not limit ourselves to consideration of the circumstances under which a writ of mandate may issue, but instead expand our inquiry to include any original or remedial writ. Petitioner seeks relief by writ of mandate or other appropriate writ. Rule 17(a), Rules of Appellate Civil Procedure provides:

"WHEN ACCEPTED. The supreme court is an appellate court but it is empowered by the constitution of Montana to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper."

Although this rule was adopted when the 1889 Montana Constitution was in effect, it is equally applicable to the 1973 Montana Constitution. Art. VII, Sections 1 and 2 of the 1973 Montana Constitution provide:

"Section 1. Judicial power. The judicial
power of the state is vested in one supreme court,
district courts, justice courts, and such other
courts as may be provided by law."

"Section 2. Supreme court jurisdiction. (1)
The supreme court has appellate jurisdiction and
may issue, hear, and determine writs appropriate
thereto. It has original jurisdiction to issue, hear,
and determine writs of habeas corpus and such other
writs as may be provided by law.

"(2) It has general supervisory control over
all other courts. * * *".

Hence our inquiry is whether supervision of a trial court
other than by appeal is deemed necessary or proper in the instant
case. Here, we consider such supervision necessary and proper
to promptly resolve the procedural questions that have arisen.
The remedy by appeal is neither speedy nor adequate here and
can only result in prolonging ultimate resolution of this case
in the trial court and subsequently upon appeal to this Court.
In our view a clear error affecting jurisdiction has occurred
that would require remand to the trial court for further pro-
ceedings following appeal, with at least the possibility of a
second appeal to this Court thereafter.

The second issue is whether the issues petitioner raises
in this Court are moot. Mootness here is bottomed on the validity
of the judgment entered by Judge Blair. For reasons that will
appear in our discussion of the final issue, that judgment is
void and of no force and effect. Hence it could not be satisfied
by deposit and notice and the issues purportedly concluded thereby
remain for adjudication.

The final issue is basic to our decision: Did Judge Blair
lose jurisdiction following the filing of the affidavit of dis-
qualification by Amsterdam Lumber, Inc.? Respondents argue that
Judge Blair did not lose jurisdiction because (1) the affidavit
of disqualification was defective, and (2) the presiding judge
cannot be disqualified from hearing a motion for a new trial.

The affidavit of disqualification reads:

## "AFFIDAVIT OF DISQUALIFICATION

"STATE OF MONTANA    )
                          : ss.
"County of Gallatin  )

"JAMES A. McLEAN, being first duly sworn, deposes and says:

"That he is one of the attorneys for the Defendant, AMSTERDAM LUMBER, INC., and that a Motion is now pending or intended to be filed by the Defendant in the above-entitled court and that the Honorable Frank E. Blair at the present time has jurisdiction in all proceedings in the above-entitled action:

"That Defendant has informed your Affiant that it has reason to believe, and does believe, that it cannot have a fair and impartial hearing before the said Honorable Frank E. Blair, as Judge of said Court, by reason of the bias and prejudice of such Judge.

"WHEREFORE, your Affiant moves that another Judge of the District Court be called in to hear further proceedings in this cause.

"FURTHER, YOUR AFFIANT SAYETH NOT.

"James A. McLean
JAMES A. McLEAN

"Subscribed and sworn to before me this 5th day of October, 1973.

"Sandra K. Murphy
"Notary Public for the State of Montana, Residing at Bozeman, Montana
"My Commission expires August 29, 1975."

"(Notarial Seal)

The statute on disqualification is section 93-901, R.C.M. 1947, which reads in pertinent part:

"Cases in which judge may be disqualified---calling in another judge. Any justice, judge or justice of the peace must not sit or act as such in any action or proceeding:

"* * * *

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge. Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending.* * *".

Respondents argue that because the affidavit is not in the words of the statute it is defective and inoperative. Respondents contend the statute does not permit an attorney to execute a disqualification affidavit stating that his client has informed him that it has reason to believe, and does believe, that it cannot have a fair and impartial hearing before a district judge. Respondents cite State ex rel. Ross v. District Court, 150 Mont. 233, 433 P.2d 778, for the proposition that if the affidavit is in the words of the statute, the judge is disqualified and without jurisdiction to proceed further. Respondents argue the converse is equally true.

We fail to follow respondents' argument. Here the affidavit follows the words of the statute necessary to establish imputed bias. The attorney who executed the affidavit stated that his client told him this. Since the affidavit can be made by the party personally or by his attorney under the statute (section 93-901(4), R.C.M. 1947) and since the contents of the affidavit cannot be inquired into further (State ex rel. Ross v. District Court, supra), we find substantial compliance with the disqualification statute.

Neither do we consider meritorious respondents' argument that the presiding judge cannot be disqualified from hearing a motion for a new trial. Whatever the merits of such restriction may be, we find none in the statutes or the Montana Rules of Civil Procedure. Respondents cite language from State ex rel. Peery v. District Court, 145 Mont. 287, 312, 314, 400 P.2d 648, in support of such restriction:

> "It is only fair to say that we are concerned as to the interpretation of the words 'action, motion or proceeding' adopted in the Carleton case, and in our search for truth we are not satisfied that it should be followed in view of the provisions of the Montana Rules of Civil Procedure. Recent cases before us on appeal, where new trials have been granted by the court on its own initiative, necessarily being within the ten-day period provided by Rule 59(d), lead us to wonder if the doctrine should remain applicable on motions for new trial. If the court were not required to hurry in order to comply with the ten-day time limit,

which of necessity precludes, or at the least limits, the time for preparation by counsel of briefs for the use of the court, and with these situations arising during busy court terms, court itself may not have any time for research or to hear counsel on argument during the ten-day period. If disqualification were not permitted upon motions for new trial, ample opportunity would be afforded to the court to consider a motion for new trial in the regular manner, receiving briefs, hearing arguments, doing research and considering the record, thus eliminating any hasty judgment which is now obligatory.

"* * * we wish to warn counsel now that we are extremely concerned about this interpretation being the correct one now to be followed in view of the adoption of the Rules, and we want it understood that nothing said in this opinion is to be interpreted as reaffirming the principle that disqualification may be exercised upon a motion for a new trial."

We point out that this statement in Peery was dictum as that case did not involve a motion for a new trial. We also note the final two concluding paragraphs of Peery:

"As to the suggestion that this court take over the matter of disqualification by rule, or at least control its use to prevent abuse thereof, in the present situation we do not feel it necessary. This is not to say that we do not have the power to do so, since it is entirely a procedural matter. But there are several factors that should be considered in view of the long history of this statute. It has always been called the Fair Trial Law, it was adopted at a time when it appeared to be most essential, in fact the Governor was petitioned by our citizens to call the legislature into extraordinary session for that purpose. It has served litigants well, though admittedly it has been and can continue to be abused. Our district judges and the justices of this court are elective officers, responsible to the electorate of our state. The citizens of Montana requested disqualification be enacted by the legislature because the courts themselves had not provided this means of securing a fair trial. For these reasons at this time we decline to adopt any rules with respect thereto.

"Adoption of rules of procedure can be petitioned for by the bench and bar of Montana, and it may be that they may desire to do so in this field. We have an Advisory Committee to consider all proposals for changes in rules or adoption of new ones. To them in the first instance should go any such requests."

Peery was decided over eight years ago. No recommendations on rule changes regarding disqualification of judges have been proposed by the Advisory Committee. For these reasons we decline to adopt any new rules restricting the disqualification of judges on hearing motions for new trials at this time.

Accordingly, we hold that Judge Blair was divested of further jurisdiction after the affidavit of disqualification was filed on October 11, 1973, in civil cause #20055 in the district court of Gallatin County; that his orders of October 19 and 26, 1973, are null and void and hereby vacated; and that plaintiffs' motion to strike the affidavit of disqualification is ordered stricken from the file. Civil cause #20055 is remanded to the district court of Gallatin County for the calling in of a new judge by Judge Lessley, and such further proceedings by the judge in jurisdiction as may be required.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 10 -