No. 12811

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

--------------

KAMP IMPLEMENT COMPANY,
a corporation, THOMAS J.
KAMP and FENNA H. KAMP,

Plaintiffs and Appellants,

-vs-

AMSTERDAM LUMBER, INC.,

Defendant and Respondent.

--------------

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellants:

Bennett and Bennett, Bozeman, Montana
Lyman H. Bennett Jr. argued and Lyman Bennett, III
argued, Bozeman, Montana

For Respondent:

Drysdale, McClean and Scully, Bozeman, Montana
James A. McClean argued, Bozeman, Montana

--------------

Submitted:  March 5, 1975

Decided:  APR 10 1975

Filed:  APR 10 1975

_Thomas J. Kearney_
                                        Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This appeal is from an order entered by the Hon. Edward T. Dussault, sitting in the district court, Gallatin County, confirming a judgment entered by Hon. Jack D. Shanstrom, dated July 25, 1973, in favor of defendant Amsterdam Lumber, Inc., and against plaintiffs Kamp Implement Company, a corporation, Thomas J. Kamp and Fenna H. Kamp (hereinafter collectively referred to as Kamp). In the alternative of confirming that judgment, appellants request a new trial.

The material sequence of events leading to the instant action was:

October 29, 1971: Amsterdam Lumber filed a complaint in Gallatin County district court, cause number 19818. Basically the complaint prayed for foreclosure of a mechanics' lien and for the balance of moneys owned on a steel building sold to Kamp by Amsterdam Lumber.

October 30, 1971: Thomas J. Kamp and Kamp Implement Company were served with summons and complaint.

November 2, 1971: Fenna H. Kamp was served with summons and complaint.

February 28, 1972: After evidence was presented to the court, Hon. W. W. Lessley entered a default judgment against Kamp and further provided for foreclosure by sale of the property upon which the lien was filed. No appearance was ever entered by Kamp.

March 8, 1972: Kamp filed a motion to set aside the default.

March 22, 1972: After a hearing on the motion, Judge Lessley issued an order denying the motion to set aside the default.

March 31, 1972: Kamp instituted the instant action, Gallatin County cause number 20055, seeking to set aside the default

- 2 -

judgment in cause number 19818 on the basis that fraud had been committed in that Amsterdam Lumber failed to advise the court:

a) That the property upon which the lien was filed was not the property upon which the building was constructed;

b) of certain business transactions between the parties;

c) that the building was defective; and

d) of the disability of Thomas J. Kamp because of a heart condition.

Events pertinent to this appeal occurring after the filing of the complaint in Gallatin County cause number 20055 and through the time of this Court's opinion in the case, State ex rel. Amsterdam Lumber, Inc. v. District Court, 163 Mont. 182, 516 P.2d 378, 379-381, 383, 30 St.Rep. 1018, are recited therein.

These events, material to our consideration, occurred subsequent to the Court's opinion:

April 25, 1974: Hon. Edward T. Dussault assumed jurisdiction.

June 14, 1974: A hearing was held before Judge Dussault.

June 24, 1974: Judge Dussault entered findings of fact and conclusions of law, concluding "that by reason of the present situation of the proceedings in this case, this Court should make and enter an appealable Order". He then ordered Judge Blair's order, dated September 21, 1973, set aside as void; confirmed the findings of fact and conclusions of law of Judge Shanstrom dated July 11, 1973; confirmed the judgment of Judge Shanstrom dated July 25, 1973; and, in the alternative, ordered a new trial.

Kamp on appeal presents five issues:

(1) Did Judge Dussault have jurisdiction to make the order dated June 24, 1974?

(2) Is the judgment entered by Judge Blair on October 1,

1973, a valid judgment?

(3)  Is this case moot on the basis of the provisions of section 58-423, R.C.M. 1947?

(4)  Did Judge Shanstrom err in entering his order nunc pro tunc, dated July 11, 1973?

(5)  Is there sub stantial evidence to support a judgment in favor of Kamp?

Kamp's issues 2 and 3 were determined in this Court's opinion in State ex rel. Amsterdam Lumber, Inc. v. District Court, 163 Mont. 182, 516 P.2d 378, 381, 30 St.Rep. 1018, in this manner:

> "The second issue is whether the issues petitioner
> raises in this Court are moot. Mootness here is
> bottomed on the validity of the judgment entered
> by Judge Blair. For reasons that will appear in
> our discussion of the final issue, that judgment
> is void and of no force and effect. Hence it
> could not be satisfied by deposit and notice and
> the issues purportedly concluded thereby remain for
> adjudication."

The law with respect to issues 2 and 3 was well stated by this Court in Anderson v. Border, 87 Mont. 4,8, 285 P. 174:

> "The greater portion of appellant's exhaustive
> brief is devoted to an attempt to demonstrate
> that our former opinion in this case is erroneous,
> but the short answer is that as to all points
> which were directly involved in, and were passed
> upon, in the former appeal, and which are involved
> in this case, whether the opinion is right or wrong, it
> is the law of the case, was binding upon the trial court,
> and is binding upon us."

See: Libin v. Huffine, 124 Mont. 361, 364, 224 P.2d 144; Central Montana Stockyards v. Fraser, 133 Mont. 168, 187, 320 P.2d 981; Gaffney v. Industrial Accident Board, 133 Mont. 448, 450, 324 P.2d 1063.

While Kamp was not a named party in our State ex rel.Amsterdam Lumber decision, it was, however, certainly one of the real parties in interest. The attorneys representing Kamp in the district court were the same attorneys representing Judge Blair in this Court. As such Kemp shall be held to the same standard as if it had been a named party. If Kamp felt aggrieved over this Court's decision, the proper remedy should have been to move for a rehearing in this Court, allowing this Court to promptly correct its error, not to have sat idly by and allowed Amsterdam Lumber and the district court to rely

on the error.

We turn now to Kamp's issue 1: Did Judge Dussault have jurisdiction to make his order dated June 24, 1974? We hold that he did. Kamp's argument, in summary, is: When this Court remanded this controversy to the district court on November 27, 1973, the only item before the district court was Amsterdam Lumber's motion filed October 11, 1973. Judge Dussault assumed jurisdiction in this case on April 25, 1974. No further action was taken until some fifty days later, on June 14, 1974, when Judge Dussault held a hearing on Amsterdam Lumber's motion. This time lapse of fifty days failed to comply with the time limits of Rule 59, M.R.Civ.P. Therefore, Kamp alleges, Judge Dussault lost jurisdiction to make his order dated June 24, 1974.

While Kamp proposes an interesting argument, it is based upon the assumption that Judge Blair's judgment was valid, an assumption we have already considered and found wanting. Because Judge Blair's judgment was void, there was no final judgment to appeal from, on which to base a motion to vacate or alter a judgment, nor from which Rule 59, M.R.Civ.P., time limits could be computed. There remained the necessity for a judge with jurisdiction to enter an appealable order, as was recognized by Judge Dussault in his findings of fact, conclusions of law and order entered June 24, 1974. Judge Dussault was complying with the directions of this Court in State ex rel. Amsterdam Lumber, Inc., supra.

We affirm Judge Dussault's order which confirmed Judge Shanstrom's judgment and substituted findings of fact and conclusions of law. We hold, as did Judge Shanstrom, that the denial of Kamp's motion to set aside the default in cause number 19818, and Kamp's failure to appeal therefrom, constitutes a bar to the present action under the doctrine of res judicata.

In reply to Amsterdam Lumber's defense of res judicata, Kamp relies on the decision in Selway v. Burns, Estate of Burles, 150 Mont. 1, 8, 429 P.2d 640, wherein the Court stated:

" * * * it has long been the rule in Montana that a court of equity has inherent power, independent of statute, to grant relief from judgments gained by fraud * * * the relief may be granted either on motion in the original action or in a separate equity suit. Rule 60(b) expressly preserved this inherent power in its last sentence which provides: 'This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *'".

While Selway states the rule that a litigant may obtain relief from a judgment obtained by fraud either by a motion under Rule 60(b), M.R.Civ.P., or by an independent action, it does not state that a litigant may pursue both remedies. The law of res judicata remains unchanged from that stated years ago in Meyer v. Lemley, 86 Mont. 83, 95, 282 P. 268:

"In the case at bar the statutory remedy was plain, speedy and adequate. Under it appellant could have obtained complete relief. It could have had the decree, and all subsequent proceedings thereunder, set aside * * *. Appellant invoked the aid of the statute, but through its own fault failed to pursue properly the remedy it afforded * * *

"'If the complaining party has resorted to an adequate legal remedy, and been denied relief, this adjudication should bar any relief in equity on grounds then available which were or might have been there urged.' The form of the legal remedy is immaterial, if it be adequate. (3 Freeman on Judgments, 5th ed. sec. 1194.) * * *

" * * * Appellant had an adequate remedy, invoked it, lost it through its own fault. He who summons the public force to aid him in the assertion of his rights must follow the rules prescribed. He cannot be permitted, after having selected an appropriate and adequate remedy and having failed through his own fault to obtain relief thereby, to then harass his blameless adversary by pursuing another and different remedy. It is to the interest of society that litigation end; 'interest reipublicae ut sit finis litium.'"

When Kamp filed its motion to set aside the default in

cause number 19818, pursuant to Rules 55(c) and 60(b), M.R.Civ.P., it had an adequate remedy. Rule 60(b)(3) permits a litigant to move for relief, and the court to grant such relief, on the grounds of fraud. In his sworn affidavit in support of the motion to set aside the default Thomas J. Kamp enumerated the identical facts forming the basis of the instant fraud action and alleged the failure of Amsterdam Lumber to inform the court of this constituted alleged fraud. In fact, Kamp explicitly admitted in one of its trial briefs that fraud was one of the grounds advanced in support of its motion to set aside the default in cause number 19818.

Kamp had its day in court in cause number 19818 and as to the issue of whether the default judgment should be set aside, the pleadings on file in the instant case and answers to interrogatories show that the instant action is merely a rehash of Kamp's former motion to set aside the default judgment in cause number 19818, even though it attempts to turn the case into an independent action based upon the theory of Selway.

Kamp further contends that despite all the foregoing, it should not be barred by the doctrine of res judicata since Judge Lessley excluded much of the evidence which Kamp sought to offer at the hearing on the motion to set aside the default judgment. It alleges the result was that it was unable to present fraud as an issue. Under Rule 60(b)(3), M.R.Civ.P., fraud is a proper issue to present on a motion to set aside a default judgment. If Kamp felt its evidence was erroneously rejected by Judge Lessley, its remedy at that time was to appeal Judge Lessley's order denying its motion; not to have further harassed Amsterdam Lumber by instituting a new and separate action. Libin v. Huffine, 124 Mont. 361, 224 P.2d 144. Kamp failed to properly pursue the remedy originally chosen, therefore it is barred from choosing and pursuing

a new and separate remedy by the doctrine of res judicata.

In its issue 4, Kamp, in support of its contention that Judge Shanstrom erred in entering his order nunc pro tunc, relies on the decisions in State ex rel. Kruletz v. District Court, 110 Mont. 36, 98 P.2d 883; and State ex rel. Craig v. District Court, 153 Mont. 427, 458 P.2d 608, for the proposition that the district court has the power to correct a clerical error, but not a judicial error, by entry of a nunc pro tunc order. Kamp contends that when Judge Shanstrom executed Kamp's findings of fact and conclusions of law, he found in favor of Kamp and could not thereafter change that judgment by entry of his order nunc pro tunc.

We need not decide whether a clerical error or a judicial error was made, for whichever was committed the result is the same: this action will be judged on the merits. If a clerical error was committed, we would affirm Judge Dussault's order confirming Judge Shanstrom's judgment for Amsterdam Lumber based upon the grounds of res judicata. If a judicial error was made, with the result that judgment should have been entered for Kamp based upon the original findings of fact and conclusions of law filed June 29, 1973, we would have to reverse that judgment, again on the grounds of res judicata. Either way, Amsterdam Lumber prevails.

Kamp's issue 5, whether there is substantial evidence to support a judgment in favor of Kamp, has become immaterial. Res judicata is a question of law, not of fact.

Judgment for respondent Amsterdam Lumber, Inc. is affirmed.

```
_____
                Justice
```

We concur:

```
_____
  Chief Justice
```

- 8 -

_____

_Gene B. Daly_____

_John Conway Harrison_____

Justices