No. 86-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

MARY ELIZABETH KREIN,

            Plaintiff and Appellant,

    -vs-

RICHARD W. HEINEMAN,

            Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Seventh Judicial District,
              In and for the County of Dawson,
              The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            James L. Norris, Bismarck, North Dakota

        For Respondent:

            Ira D. Eakin, Baker, Montana

_____

                            Submitted on Briefs:  Jan. 22, 1987

                                 Decided:  April 28, 1987

Filed: APR 2 8 1987

                    _Ethel M. Harrison_
        _____
                            Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Mary Elizabeth Krein appeals the July 28, 1986, order and explanatory comment entered by the Seventh Judicial District Court granting defendant, Richard W. Heineman's motion for summary judgment. We affirm in part and reverse in part.

Mary Elizabeth and Richard were married for four and one-half years prior to the May 4, 1981, decree dissolving the marriage. Richard is an attorney. Mary Elizabeth contends that at least seven attorneys refused to represent her in the divorce action because Richard was an attorney. From the record, it is unclear that all seven actually refused to represent her. Richard thereafter agreed to obtain the divorce for the parties. He prepared the petition for dissolution as well as Mary's response thereto. In her response, Mary Elizabeth agreed "[t]hat the parties have mutually divided all property they have acquired during the marriage relationship and have entered into a fair and equitable property settlement agreement . . . ."

Richard also prepared a property settlement agreement wherein he agreed to pay Mary Elizabeth alimony consisting of three $5,000 payments. The original agreement provided that the obligation would end upon Mary Elizabeth's remarriage. She refused to agree to that stipulation. Therefore, Richard removed the language stating that payments would cease upon Mary Elizabeth's remarriage, but continued to use the term alimony to describe the payments.

The property settlement agreement also provided that Richard would pay all known outstanding obligations and debts of the marriage, that each individual would thereafter be solely responsible for his or her own obligations, and that

2

Mary Elizabeth relinquished all claims to any property in Richard's possession in consideration for the personal property she had received.

Richard paid Mary Elizabeth $5,000 in February 1981, and again in February 1982. He refused to make the February 1983, payment as Mary Elizabeth had remarried. In response, Mary Elizabeth pursued two legal remedies. On July 12, 1984, she filed a motion in the original divorce action to set aside the property settlement agreement, alleging that fraud had been committed on the court. Also on July 12, 1984, Mary Elizabeth filed the complaint in this action, requesting to set aside the earlier property settlement agreement on the basis of fraud.

Although not denominated as such, the motion was a Rule 60(b)(3), M.R.Civ.P., motion. Rule 60(b)(3) motions are to be filed within 60 days of service of notice of entry when service of notice of entry is required by Rule 77(d), M.R.Civ.P. Rule 77(d) requires that notice of entry of judgment be served "upon all parties who have made an appearance . . . ." Mary Elizabeth appeared in the original dissolution action, but was never served with notice of entry of judgment. Therefore, the 60 days never commenced to run and the July 12, 1984, motion was timely filed. Morrison v. Higbee (Mont. 1983), 668 P.2d 1029, 1031-32, 40 St.Rep. 1031, 1034.

Rule 60(b) motions must also be scheduled for hearing within 10 days. Rules 60(c) and 59, M.R.Civ.P. The hearing was held August 14, 1984, more than a month after the motion was filed. The motion was denied August 17, 1984, because of Mary Elizabeth's failure to set the hearing within ten days of filing the motion.

Although the motion was dismissed, the complaint still existed. An amended complaint was filed February 4, 1986.

3

In addition to requesting that the property settlement agreement be set aside for fraud, as had the first complaint, the amended complaint alleged that Richard's conduct toward Mary was legal malpractice and that it involved a conflict of interest, a breach of his attorney fiduciary duty and intentional or negligent infliction of emotional distress; mental anguish; punitive damages; treble damages for an attorney's deceit; attorney fees; and costs. Richard filed a motion and brief for summary judgment on March 19, 1986. A hearing on the motion was held July 22, 1986. At the close of the hearing, defendant's motion was granted. The trial judge determined that the original dissolution decree was in full force and effect and res judicata with respect to the issues raised by Mary Elizabeth.

Mary Elizabeth now requests that this Court determine whether the trial judge erred in granting Richard's motion for summary judgment because the legal doctrine of res judicata does not apply and because there are genuine issues of material fact.

Rule 60(b), M.R.Civ.P., provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

In Kamp Implement Co. v. Amsterdam Lumber, Inc. (1975), 166 Mont. 435, 441, 533 P.2d 1072, 1075, this Court held that the last sentence of Rule 60(b), M.R.Civ.P., permits a

4

litigant to "obtain relief from a judgment obtained by fraud either by a motion under Rule 60(b), M.R.Civ.P., or by an independent action, it does not state that a litigant may pursue both remedies." Although Mary Elizabeth filed the Rule 60(b) motion and the independent action on the same day, she elected to pursue the motion remedy first. The motion might have provided a "plain, speedy, and adequate" remedy for the fraud claim had the hearing been timely held. As in Meyer v. Lemley (1929), 86 Mont. 83, 97, 282 P. 268, 272, cited in Kamp Implement, 166 Mont. at 441, 533 P.2d at 1075,

> [a]ppellant had an adequate remedy, invoked it, lost it through [her] own fault . . . [She] cannot be permitted, after having selected an appropriate and adequate remedy and having failed through [her] own fault to obtain relief thereby, to then harass [her] blameless adversary by pursuing another and different remedy. It is to the interest of society that litigation end;. . .

Mary Elizabeth cannot, after wasting her opportunity to pursue a Rule 60(b) remedy, use an independent action to drag Richard back into court for the same purpose.

However, the amended complaint in the independent action also contains counts which are not precise, but involve claimed negligence, legal malpractice and breach of fiduciary duty by Heineman. The Rule 60(b), M.R.Civ.P., motion did not cover those torts. They exist separate and independent from any fraud which might have resulted in the granting of the Rule 60(b) motion. We therefore remand this action for further proceedings on the non-fraud issues raised in the amended complaint.

Affirmed in part and reversed in part.

Justice

We concur:

_A. A. Turnage_
Chief Justice

_John Conway Harrison_

_Fred J. Weber_

_John C. Sheehy_

Justices

Mr. Justice L. C. Gulbrandson did not participate in this decision.

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

MAY 26 1987

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

No. 86-422

MARY ELIZABETH KREIN,
    Plaintiff and Appellant,

v.

        )
        )    O R D E R
        )

RICHARD W. HEINEMAN,
    Defendant and Respondent.

A change is required in the opinion issued in this cause by this Court on April 28, 1987, in order to more accurately reflect the law in Montana.

IT IS HEREBY ORDERED that paragraph 3 on page 3 of the opinion be amended as follows. The paragraph which now states:

> Rule 60(b) motions must also be scheduled for hearing within 10 days. Rules 60(c) and 59, M.R.Civ.P. The hearing was held August 14, 1984, more than a month after the motion was filed. The motion was denied August 17, 1984, because of Mary Elizabeth's failure to set the hearing within ten days of filing the motion.

shall become

> Rule 60(b) motions, at the time this motion was filed, had to be scheduled for hearing within 10 days. The specific hearing requirements have now been eliminated by Rule 59(d), which in substance provides that if the court fails to rule within 45 days of the filing of the motion, the motion is deemed denied. The hearing was held August 14, 1984, more than a month after the motion was filed. The motion was denied August 17, 1984, because of Mary Elizabeth's failure to set the hearing within ten days of filing the motion.

DATED this 26th day of May, 1987.

- 1 -

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison.

_____

_____
John C. Sheehy

_____

_____
William E. Hunt Sr.
Justices

- 2 -