JAMES E. SELWAY, as Administrator of the Estate of
MARY E. BURLES, Deceased, Plaintiff and Appellant, v.
RICHARD F. BURNS, as Executor of the Last Will and
Testament of E. L. BURLES, sometimes known as ED-
WARD L. BURLES, Deceased, Defendant.
CARRIE MAY SUTHARD, Movant to vacate and set aside
Judgment, Respondent.

No. 11260.
Submitted May 11, 1967. Decided July 5, 1967.
Rehearing denied July 24, 1967.
429 P.2d 640.

(1)

Meloy & Kline, Helena, John R. Kline (argued), Helena, Weir, Gough & Booth, and Cordell Johnson, of counsel, Helena, Edwin S. Booth (argued), Helena, W. G. Gilbert, Jr. (argued), Dillon, for appellant.

John H. Jardine (argued), Whitehall, Frank M. Davis (argued), Dillon, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order of the district court of Beaverhead County setting aside a judgment on the ground that it was gained by fraud.

The judgment vacated resulted from a suit brought against Richard F. Burns in his capacity as executor of the E. L. Burles' estate. The Honorable Philip C. Duncan, Judge of the 5th Judicial District, presided over both the probate of the E. L. Burles' estate and the civil action brought against it. After motions were made to remove Richard F. Burns as executor on the ground of incompetence and to vacate the judgment against the estate on the ground that it was gained by fraud, Judge Duncan disqualified himself and called in the Honorable W. W. Lessley, Judge of the 18th Judicial District. Judge Duncan testified at the hearing on the motion to vacate before Judge Lessley who made the following findings of fact:

"8. That there is evidence which leads the Court to find that the Plaintiff and Defendant had a relationship which resulted in concealing the existence of this action from the principal party interested, Carrie May Suthard;

4

"9. \* \* \* and immediately upon the discovery of the existence of said judgment, she consulted counsel, who filed the motion now before the Court; \* \* \*

"11. That the judgment herein made would not have been made if the said Richard F. Burns had not represented to the Honorable Philip C. Duncan and opposing counsel that Carrie May Suthard had consented thereto; that said representation so made to Judge Philip C. Duncan was false, and did deceive and mislead the Court \* \* \*."

An Order was entered vacating the judgment and providing the defendant estate an additional 20 days to answer. From this order both plaintiff and defendant appeal. It should be noted however, that Richard F. Burns has been removed as executor and that the administrator of the estate (with will annexed) appointed in his place, has made an appearance in this action.

E. L. Burles died May 13, 1963, survived by his wife, Mary E. Burles. A will was admitted to probate in the estate of E. L. Burles which devised all of his property to his wife for life with the remainder over to his daughter, Carrie May Suthard (movant and respondent hereinafter called Suthard). The will also nominated Richard F. Burns (defendant and appellant hereinafter called Burns) as executor. Burns, an attorney admitted to practice in Montana, subsequently qualified and was appointed executor of the E. L. Burles' estate.

Mary E. Burles died intestate May 28, 1963, survived by James E. Selway (plaintiff and appellant hereinafter called Selway) her sole living heir who was appointed administrator of the estate. Mr. Selway, son of Mary E. Burles by a former marriage, and Mrs. Suthard, daughter of E. L. Burles by a former marriage, are related as step-brother and step-sister.

Selway filed an action against the estate of E. L. Burles in his capacity as administrator of the estate of Mary E. Burles claiming that all of the property included in the husband's estate was in fact the property of the wife's (his mother's)

estate. The theory expressed in the complaint was that all such property had been purchased with funds taken from a bank account held in joint tenancy by E. L. and Mary Burles and that the ownership of the property purchased retained the character of the bank account.

Burns, in his capacity as executor, was not served with summons in the action against the E. L. Burles' estate but he nevertheless filed a motion to dismiss for failure to state a claim. A minute entry shows that the motion was denied and the defendant was granted an additional twenty days to answer the complaint. No answer was filed and the matter was disposed of by acceptance of defendant's offer of judgment under Rule 68, M.R.Civ.P. Selway and Burns claim that this judgment divided the property originally included in the E. L. Burles' estate about equally between Mrs. Suthard and Selway, but this was seriously questioned by Mrs. Suthard during argument on this appeal.

Mrs. Suthard testified that during the entire period of the probate of her father's estate she was never contacted by Burns and that she received all of her information concerning the probate proceedings from Selway who contacted her from time to time. It was Selway who first notified her of the death of her father, at her home in Hialeah, Florida. The funeral of E. L. Burles provided the only occasion for a conversation in person between Mrs. Suthard and Selway prior to her discovery of the judgment against the estate. On this occasion Mrs. Suthard stated her belief that there would be very little property in the estate and offered to help pay the funeral expenses. Selway replied that he would be the executor and there would be enough to pay all expenses and take care of his mother, the then surviving widow. After the funeral Mrs. Suthard returned to her home in Florida where she remained until after entry of the judgment against her father's estate.

While in Florida Mrs. Suthard had several communications with Selway by letter and telephone. During 1964 Selway in-

formed Mrs. Suthard that Burns had been appointed executor. During 1965 he further revealed to Mrs. Suthard that she would realize about $40,000 from the estate. When Mrs. Suthard asked if that much property would require her presence in Dillon Selway discouraged her from making such an expensive trip by saying that it was unnecessary and that he would look after her interests. Selway did not take advantage of his several communications with Mrs. Suthard to inform her that he had brought suit against her father's estate to recover all of the included property.

Sometime in August of 1965 Selway informed Mrs. Suthard that he had forwarded a draft in the amount of $24,150.79. After the money was deposited Mrs. Suthard was faced with the problem of proving to tax officials, that the money resulted from inheritance rather than from successful wagering at Florida race tracks. When she could not get satisfactory proof from Selway she used her vacation to travel to Dillon during November of 1965 for the purpose of obtaining the necessary papers in person. On or about December 23, 1965, Mrs. Suthard discovered that there was a judgment entered against her father's estate. She immediately engaged counsel who filed the motion giving rise to this appeal.

The testimony of Selway and Burns concerning their failure to inform Mrs. Suthard of the suit against her father's estate borders on the incredible by any known standard. Selway explained that he acted properly because Burns was the only person who had a duty to notify Mrs. Suthard. Burns explained that he indeed desired to notify Mrs. Suthard but he was unable to do so because he only knew that she lived in Hialeah, Florida, and Selway had refused to give him the full address although he had requested it many times.

Judge Duncan testified at the hearing on the motion to vacate. His testimony revealed a serious irregularity which occurred during the hearing on the defendant's offer of judg-

ment over which he presided. The material portion of his testimony reads as follows:

"Q. [By Mr. Jardine] Can you recall any of the circumstances of the signing of that order? A. [Judge Duncan] Well, yes, I can, not too specific, but I can recall some parts of it, I think.

"Q. Do you know whether or not the attorneys listed therein, Mr. Gilbert and Mr. Burns, appeared before you that day? A. Yes.

"Q. And did they have a stipulation in connection with that lawsuit they presented to you? A. Yes, they did.

"Q. Do you recall whether or not you asked Mr. Burns whether he had obtained permission of his client to compromise this? A. Yes, I'm sure I did.

"Q. And do you recall what his answer was? A. Well I think I asked him whether he had secured consent of—well, it would be the heir, or beneficiary of this estate.

"Q. Mrs. Suthard? A. Mrs.—I'm not sure of her name, but I knew that she was interested in this estate and I asked Mr. Burns if he had secured her consent or that she was agreeable to such stipulation.

"Q. Do you know what his answer was? A. He told me that he had."

At the hearing on the motion to vacate, Burns explained that he was able to make this response to Judge Duncan because his opponent, Mr. Selway, had told him of her assent, but not her address. Judge Duncan was not informed of the source of this information at the time the judgment was granted.

The basic contentions of the two appellants are that Mrs. Suthard had no standing to make the motion to vacate under Rule 60(b), M.R.Civ.P., because she was never joined as a proper party and she was not required to be joined as a necessary party, see Rule 19, M.R.Civ.P.; and, that even if she had standing there is no evidence of fraud. Respondent has argued that Mrs. Suthard is an indispensable party to this action and

that the district courts have discretionary power to set aside their own judgments upon a showing that it was gained by fraud.

■■ Appellant's contention that Mrs. Suthard's standing before the court depends upon Rule 60(b) and the joinder requirements of Rule 19 is too narrow. It is not necessary for the purposes of this appeal to construe Rule 60(b) to determine standing, because it has long been the rule in Montana that a court of equity has inherent power, independent of statute, to grant relief from judgments gained by fraud. Bullard v. Zimmerman, 88 Mont. 271, 292 P. 730. The Bullard case, supra, has since been followed many times by this court. Most recently, in Cure v. Southwick, 137 Mont. 1, 349 P.2d 575, this court added that the relief may be granted either on motion in the original action or in a separate equity suit. Rule 60(b) expressly preserved this inherent power in its last sentence which provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not personally notified as may be provided by law, or to set aside a judgment for fraud upon the court."

Our federal courts also recognize and use the historic equity power to set aside judgments gained by fraud. Hazel-Atlas Glass Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250. The only limitation that has been placed upon the exercise of this power is that the investigating court must observe the usual safeguards of the adversary process by granting notice to affected persons and by conducting a fair hearing on the existence of the fraud. Universal Oil Co. v. Root Refining Co., 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447.

■ The fraud that will move a court of equity to exercise its inherent power to vacate judgments has been described as that which prevents the unsuccessful party from having a trial or presenting its case fully. Clark v. Clark, 64 Mont. 386, 210 P. 93; Hoppin v. Long, 74 Mont. 558, 241 P. 636. It is always the

kind of fraud that goes to the very integrity of the judicial system because the court is mislead and made one of the victims of the fraud. Hazel-Atlas Glass Co. v. Hartford Co., supra. Cases decided by this court show that the prohibited result may be achieved either by affirmatively misrepresenting facts (State ex rel. Sparrenberger v. District Court, 66 Mont. 496, 214 P. 85, 33 A.L.R. 464) or by concealment of facts by a person who was under a legal duty to make a full disclosure to the court (See the discussion of the Sohler case, Sohler v. Sohler, 135 Cal. 323, 67 P. 282, in Hoppin v. Long, supra, at 74 Mont. 579-81, 241 P. 636).

The record of this case is regrettably more than sufficient to support the district court's finding that the judgment against the E. L. Burles' estate was gained by means of a fraud on the court. Selway and Burns compromised a claim made against the estate. Said compromise was made under circumstances which kept the court and the only person beneficially interested in the E. L. Burles' estate ignorant of several important facts. The amazing if not shocking details have been fully set out herein and do not need to be repeated.

If it were conceded that Burns in fact believed that Mrs. Suthard had been consulted and had consented to the stipulated judgment he still failed in his duty as an attorney to deal candidly with the court. Taking the word of an opponent on such an important question, and expressing the same as a fact within his own knowledge, is so far removed from candor as to border on a deliberate falsehood. Under the circumstances Burns had a clear duty to explain the source of his information or simply state that he did not know.

If the judge had been apprised of the conduct of the parties he would have had ample reason to doubt that he was presiding over an adversary proceeding. The record overwhelms the reader with the suggestion that the judge was mislead and would have required a different procedure before granting

judgment if he had not been subjected to misrepresentation and concealment of important facts.

It was also argued that Mrs. Suthard's motion to vacate was not timely. If this argument is based on the requirements of Rule 60(b) it cannot be accepted because the power invoked by the court in this matter does not depend on statute. Cure v. Southwick, supra; Gillen v. Gillen, 117 Mont. 496, 159 P.2d 511. Any time limitations that may be involved in this case require that a balance be struck between the public interest in putting an end to litigation at some point and the public interest in keeping its judicial system free of corruption. For this reason the timeliness of the motion to vacate must ultimately depend upon equitable principles and placed within the sound discretion of the court. In the instant case the judgment was filed November 9, 1964. Mrs. Suthard came to Montana during November of 1965. She discovered the existence of the judgment against her father's estate on or about December 3, 1965. She immediately engaged an attorney who filed the motion to vacate. Under these facts it cannot be said that she failed to act in a timely manner.

The arguments made on both sides of this appeal require some additional discussion of matters which are not involved in this case. It is the conduct of the parties and not the procedure followed which requires that the judgment be vacated. Section 91-3202, R.C.M.1947, authorizes both parties to sue and be sued in their own names without joining persons interested in the respective estates. Since the parties were properly before the court they were entitled to proceed to judgment under Rule 68, M.R.Civ.P., if fraud had not been used as the means of securing the court's approval.

The findings of fact and conclusions of law also rely upon the theory that the approval of the probate court was necessary before any property could be transferred from the E. L. Burles' estate to the Mary E. Burles' estate. This theory fails to recognize that the title to the property was drawn into ques-

tion by the complaint. Therefore, if the plaintiff estate prevailed it would do so because of its own good title and no transfer from the defendant estate would be involved.

No consideration has been given herein to perjured testimony. This court has held that perjury is not grounds for a collateral attack on a judgment. Friedrichsen v. Cobb, 84 Mont. 238, 275 P. 267. The instant case rests solely on the narrow ground that the judgment was gained by means of a fraud on the court.

The order of the district court vacating the judgment and providing the defendant estate additional time to enter an appearance is affirmed with the instruction that the district court require either or both parties to make such restitution or give such security as will restore the parties to as good a position as they occupied at the time the judgment was rendered.

The finding of facts and conclusions of law made by the district court are hereby amended to conform with this opinion.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON concur.