No. 82-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF DELBERT HENRY WITBART,

                    Petitioner,

          -vs-

LaVERNA MAE WITBART,

                    Respondent and Appellant.
------------------

ALLEN B. HOUSTON,

                    Plaintiff and Respondent,

          -vs-

DELBERT HENRY WITBART a/k/a DELBERT (DEL) H. WITBART, &
LaVERNA MAE WITBART,

                    Defendants and Appellants.
------------------

DEL H. WITBART, d/b/a ACADEMY ENGINEERING CONSTRUCTION,

                    Plaintiff,

          -vs-

HARLAND E. BAUER & MARGARET E. BAUER,

                    Defendants and Respondents.
------------------

CLARK BROTHERS CONTRACTORS, a Mont. corp.,

                    Plaintiff and Respondent,

          -vs-

HARLAND E. BAUER, MARGARET E. BAUER, & DEL H. WITBART, d/b/a
ACADEMY ENGINEERING CONSTRUCTION,

                    Defendants.
------------------

WESTERN EQUIPMENT CO.,

                    Plaintiff and Respondent,

          -vs-

DELBERT HENRY WITBART & LaVERNA MAE WITBART,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Ravalli, The Honorable
              James B. Wheelis, Judge presiding.

Counsel of Record:

     For Appellant:

          Cannon & Sheehy; Edmund Sheehy, Jr. argued, Helena,
          Montana (LaVerna Witbart)

     For Respondents:

          Richard A. Weber argued, Hamilton, Montana (Western
          Equipment)
          Gail H. Goheen argued, Hamilton, Montana (Houston)
          John D. Greef argued, Hamilton, Montana (Bowers)
          Larry R. Meyer argued, Stevensville, Montana (Clark
          Brothers)

                         ---
                    Submitted:  May 5, 1983
                    Decided:  June 27, 1983

Filed:  JUN 27 1983

          *Ethel M. Harrison*
     _____
                    Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal of the January 14, 1982, judgment and February 17, 1982, amended judgment of the Fourth Judicial District Court distributing Del Witbart's award of $26,677.47 and interest from his action to foreclose a mechanic's lien against Harland and Margaret Bauer.

On April 10, 1979, Harland and Margaret Bauer, and Delbert Witbart entered into a written contract wherein Delbert agreed to construct a road for the Bauers. Del then entered into a contract with Clark Brothers Construction for heavy equipment to be used in building the road. A dispute later arose between Bauers and Witbart. Bauers refused to pay Witbart for building the road. Therefore, Witbart filed a mechanic's lien against Bauers on June 29, 1979, Cause No. DV 79-385. Clark also filed a mechanic's lien against Bauers on July 2, 1979. Bauers subsequently posted a bond in lieu of Clark's lien.

On July 9, 1981, judgment was entered against Bauers and in favor of Witbart in the amount of $26,677.47. Witbart had been assigning portions of his interest in the prospective judgment to several individuals (as discussed below). The $26,677.47 was ordered retained by the Clerk of the Court pending notification of the assignees.

LaVerna and Delbert Witbart were divorced in the spring of 1980. The uncontested dissolution decree incorporated a separation agreement signed by the parties on March 27, 1980. The agreement included no provision for the maintenance or support of LaVerna. Rather, it stated that all family obligations incurred by the parties had been fully determined and discharged.

2

The agreement further provided that LaVerna would convey to Delbert by contract for deed her one-half interest in the parties' home. The home was purchased the same month the separation agreement was entered into, March 1980. LaVerna's interest in the home at that time was negligible.

Finally, the agreement provided under the heading "Real Property", that Delbert would pay LaVerna $25,000.00 and that if Delbert received sufficient money in the Bauer mechanic's lien foreclosure suit, he would remit to LaVerna the money received, to the extent necessary to pay any balance of the $25,000.00 remaining due. At that time, Delbert anticipated receiving at least $75,000.00 from the Bauers. Delbert testified that he was otherwise insolvent at the time he entered into the agreement.

Allen Houston loaned Delbert approximately $10,000.00 on August 24, 1978, to be used as down payment for the house. On July 28, 1980, Delbert assigned $7,473.18 of his interest in the prospective Bauer mechanic's lien judgment to Houston for security. On September 22, 1980, Delbert assigned a part of his interest in the same prospective judgment to Clark Construction for $9,275.82 of the $15,087.82 owed Clark by Delbert and Bauers. Finally, on April 27, 1982, Delbert assigned $5,616.35 of his interest in the prospective judgment to Western Equipment Company.

On July 20, 1981, LaVerna filed a motion for payment, out of the Witbart-Bauer judgment fund, of monies allegedly owed by Delbert to LaVerna pursuant to their separation agreement. Delbert's creditors contested LaVerna's interest in the judgment fund, alleging that the agreement on which it is based is fraudulent. The District Court thereafter merged all the claims to the judgment fund into one action.

A hearing was held August 13, 1982, to determine the proper distribution of the $26,677.47 actually received by Witbart from the Bauer judgment. An order was issued January 14, 1982, completely annulling, as a fraudulent conveyance pursuant to section 31-2-311, MCA, Delbert's promise in the Witbart separation agreement to pay LaVerna $25,000.00. LaVerna's interest in the Bauer judgment fund was thereby rendered void.

First priority to the fund was awarded Allen Houston in the amount of $7,473.18, plus interest at the rate of 16½% per annum from July 25, 1980, and reasonable attorney's fees. Western Equipment Company was awarded $5,616.35, plus 10% interest per annum from the date of judgment and costs. Clark was awarded no interest in the judgment fund. Rather, Clark was required to resort to the $15,087.82 Bauer lien bond for payment.

On motion by Bauers, the trial court amended the judgment on February 17, 1982, foreclosed Clark's lien against Bauers and permitted Clark to collect $9,275.82 from the judgment fund, plus interest at the rate of 10% per annum from the date of judgment. Clark was granted second priority to the fund, before Western Equipment Company.

LaVerna Witbart now appeals the February 17, 1982, amended judgment and presents this Court with at least five issues for our review. Our disposition of this appeal renders consideration of all but one of those issues unnecessary.

The trial judge considered the separation agreement to be a conveyance. He found no fair consideration for Delbert's obligation to pay LaVerna $25,000.00. Delbert's promise was therefore annulled, pursuant to section 31-2-311, MCA, a section of the Montana Uniform Fraudulent Conveyances

4

Act. Any interest LaVerna might have had in the Witbart-Bauer judgment fund was extinguished.

The agreement was not a conveyance. A separation agreement incorporated into a divorce decree is enforceable only as a judgment. Lawrence v. Lawrence (1982), ____ Mont. ____, ____, 642 P.2d 1043, 1049, 39 St.Rep. 548, 556. A judgment can not be attacked or reopened for lack of fair consideration. It can be reopened if obtained through fraud. See Rule 60(b), M.R.Civ.P., which lists the six reasons for reopening a judgment.

Section 40-4-208(3), MCA, states in pertinent part:

"(3) The provisions as to property disposition may not be revoked or modified by a court, except:

(a) * * *

(b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." (emphasis supplied)

We have construed this section as giving a trial court jurisdiction to determine whether fraud was committed in obtaining a property distribution agreement. Hopper v. Hopper (1979), 183 Mont. 543, 601 P.2d 29. Pilati v. Pilati (1979), 181 Mont. 182, 592 P.2d 1374. If fraud is found, the divorce decree may be reopened and a more equitable property distribution made. Pilati, 181 Mont. at p. 186, 592 P.2d at p. 1377.

The trial judge improperly applied the Uniform Fraudulent Conveyances Act to this case. We therefore remand this case to District Court for a new trial on the issue of whether or not fraud was committed upon the court at the time the Witbart separation agreement was approved. "[I]t has long been the rule in Montana that a court of equity has inherent power, independent of statute, to grant relief from judgments gained by fraud." Selway v. Burns, Estate of Burles (1967),

150 Mont. 1, 8, 429 P.2d 640, 644. A finding of fraud would justify reopening the judgment granting LaVerna $25,000.00. Otherwise, LaVerna is entitled to the $25,000.00 and is entitled to first priority to the Witbart-Bauer judgment fund, per the separation agreement.

One of the issues raised by LaVerna will become pertinent on remand if the trial judge finds fraud on the court and denies LaVerna's claim to $25,000.00 of the Witbart-Bauer judgment fund: Did the District Court err by amending its judgment and allowing Clark Brothers Construction, Inc., to receive funds from the Witbart-Bauer judgment fund? We find no error.

Clark Brothers Construction has continually been considered a party to this action. Delbert assigned a portion of his interest in the Witbart-Bauer judgment fund to Clark Brothers on September 22, 1980. The District Court order of August 6, 1981, states in part:

> "2. A hearing on the distribution of assets now held by the Clerk of Court in DV-79-385 [the Witbart-Bauer judgment fund] will be held at 1:30 p.m. on August 13, 1981, and all parties in any of the above-entitled causes may and shall appear to present evidence at that time relating to the merits of their claims or tending to disprove the claims of other parties."

One of the "above-entitled causes" was Clark Brothers Construction v. Harland E. Bauer, Margaret E. Bauer and Delbert Witbart, d/b/a Academy Engineering Construction. Clearly, the District Court considered Clark Brothers to be one of the parties with a potential interest in the Witbart-Bauer jugdment fund. LaVerna cannot now, for the first time on appeal, raise the issue of whether Clark Brothers was entitled to claim any of the judgment fund monies. Green v. Green (1978), 176 Mont. 532, 536, 579 P.2d 1235, 1237.

6

Furthermore, the District Court did not abuse its discretion in allowing Clark Brothers to collect from the judgment fund rather than the Bauer bond fund.

Section 31-2-105, MCA, states:

> "Relative rights of different creditors. Where a creditor is entitled to resort to each of several funds for the satisfaction of his claim and another person has an interest in or is entitled as a creditor to resort to some but not all of them, the latter may require the former to seek satisfaction from those funds to which the latter has no such claim, so far as it can be done without impairing the right of the former to complete satisfaction and without doing injustice to third persons." (emphasis supplied)

The District Court found that to require Clark Brothers to resort to the Bauer bond fund for payment would do injustice to the Bauers. They would then be required to make double payment for the use of Clark Brother's equipment: first, to Delbert through the Witbart-Bauer judgment and second, to Clark Brothers through the Bauer bond fund. There is substantial credible evidence to support that finding of the trial court.

Contrary to LaVerna's contentions, our decision in General Electric Supply Co. v. Montana Automobile Association (1980), ____ Mont. ____, 617 P.2d 136, 37 St.Rep. 1715 does not permit a double payment in this instance. In that case, General Electric Supply did not have two or more funds from which to choose for satisfaction of its claim. It's immediate debtor, whose position would be similar to that of Delbert's in the instant case, was bankrupt. If General Electric Supply had not been allowed to seek satisfaction from the Montana Automobile Association, it would have gone unpaid. That is not the case here. Clark Brothers Construction will not go unpaid if it is not allowed to seek satisfaction from Bauers. They may still receive payment from Delbert Witbart.

7

We remand this case for a new trial consistent with the principles of law set forth herein.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Hon. Tom Olson, District Judge
sitting in place of Mr. Justice
John C. Sheehy


Mr. Chief Justice Frank I. Haswell and Mr. Justice L. C.
Gulbrandson dissent and will file a written dissent later.

8