No. 83-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
KATHLEEN T. MADDEN,

Petitioner and Respondent,

and

WILLIS G. MADDEN,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable W. W. Lessley, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Larry W. Moran, Bozeman, Montana

For Respondent:

Landoe, Brown Law Firm; James M. Kommers, Bozeman,
Montana

Submitted on Briefs: April 5, 1984

Decided: July 10, 1984

Filed: JUL 10 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Respondent husband, Willis Madden, appeals a judgment of the Gallatin County District Court, modifying a prior final dissolution decree on grounds that the property settlement agreement that had been incorporated into that decree was based on "extrinsic fraud" and was "unconscionable." The trial court modified the decree by deleting that part of the property agreement that required the wife to pay the husband $15,325.00; ordered that the house premises of the couple belong solely to the wife; and ordered the husband to pay one-half of his retirement pension to the wife. We affirm.

The husband presents two issues. First, whether there is substantial evidence to support the trial court's finding of extrinsic fraud on the part of the husband. Second, whether the property division resulting after the modification of the decree is fair and equitable.

The parties were divorced on June 13, 1977, after a very quick proceeding typical of uncontested dissolutions. The wife appeared with the attorney who was representing both parties; the husband did not appear. Although the wife was named as the petitioner in the action, the husband actually contacted the attorney, initiated the proceeding, and asked that she be named as the petitioner.

The trial court entered findings and conclusions and incorporated into the final decree a Property Settlement and Child Custody Agreement prepared by the attorney. The "agreement" provided, among other things, that the wife was to receive the house, but was also to pay off the mortgage. However, the wife was not aware, and neither the husband nor

the attorney informed the trial court that the mortgage required a balloon payment of $6,360.00 two years after the dissolution. The wife's take home monthly pay at the time of the dissolution was $395.00, and the husband was paying no maintenance and only $100 per month child support for two minor children. The attorney and the husband also failed to inform the trial court of the value of the husband's accrued state employee pension, and the wife was awarded no part of it.

The wife successfully petitioned to modify the decree on grounds of extrinsic fraud. The trial court modified the decree as stated above, and also ordered the husband to deliver to the wife the quitclaim deeds to the house premises, deeds he had wrongfully withheld after the original decree.

The first issue is whether there is substantial evidence to support the trial court's finding of extrinsic fraud, sufficient to reopen the prior dissolution judgment and modify the decree under section 40-4-208(3)(b), MCA. That section provides that a property disposition following a dissolution may not be modified unless ". . . the court finds . . . conditions that justify the reopening of a judgment . . ." Fraud is such a condition. Rule 60(b)(3), M.R.Civ.P. The husband contends that because there was full disclosure of the balloon mortgage payment and the value of the pension benefits between the parties, there was no fraud and no basis to reopen the judgment. The wife contends that she was not aware of the balloon payment, and even if she had been aware, full disclosure between the parties is irrelevant to the question of extrinsic fraud, as the fraud is on the court and not on a party. We agree with the wife.

- 3 -

It is clear under section 40-4-202, MCA, that it is the province of the trial court to divide the marital estate. However, proper distribution cannot be made unless the parties have informed the court of all marital assets and liabilities. The trial court, at the modification hearing, specifically found that the husband did not at the time of the dissolution inform it of the mortgage balloon payment or the value of the pension. That finding was based on the testimony of the wife and the attorney who had represented both parties in the dissolution. The admission by the attorney that he failed to divulge that information to the court is sufficient evidence to support the finding, and that finding is sufficient to establish extrinsic fraud and reopen the judgment. Pilati v. Pilati (1979) 181 Mont. 182, 592 P.2d 1374.

The trial court then found the property settlement agreement to be unconscionable because it included neither the balloon payment liability nor the wife's interest in the pension, and because of the circumstances surrounding the agreement and the eventual dissolution. The circumstances were that the husband initiated the dissolution but directed the attorney to name the wife as the petitioner; that the wife took no part in the process of drafting the agreement; that she met with the attorney only one time before the dissolution proceeding; and, significantly, she did not seek separate counsel because the husband assured her the attorney would represent both interests. We agree that under those circumstances the agreement was unconscionable and unenforceable.

The trial court set aside in part the property agreement in the original decree and redistributed the marital

property. The second issue is whether that property redistribution is fair and equitable.

The rule in Montana is that the trial court has "far-reaching discretion" in making property divisions. We reiterated the test in Torma v. Torma (Mont. 1982), 645 P.2d 395, 39 St.Rep. 839:

> "The reviewing court does not substitute its judgment for that of the trial court, and will not alter a judgment unless it finds an abuse of discretion, i.e., that the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." Kowis v. Kowis (Mont. 1983), 658 P.2d 1048.

The effect of the modification was to award to the wife the house and surrounding real property outright (with a $9,350.00 encumbrance), and relieve her of her obligation to pay the husband $15,325.00, purportedly representing his share of the $50,000 appraised value on the home. The modification also awarded to her one-half of the husband's pension, and ordered him to turn over quitclaim deeds to the house.

We see no abuse of discretion by the trial court. It is puzzling to this Court how the husband expected the wife to pay the balloon payment within two years of the marriage, and then the $15,325.00 payment to him within five years of the dissolution. She was taking home only $395 per month at that time and he was paying no maintenance and only $100 total child support for two children. The wife has since been injured on the job and is unemployed. The husband is skilled and remains employed as a maintenance engineer at Montana State University. We hold there is no substantial injustice in the resulting property distribution.

The judgment of the trial court modifying the original June 13, 1977 decree and redistributing the marital property is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 6 -