No. 84-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE MARRIAGE OF
DELBERT HENRY WITBART,

             Petitioner,

    -vs-

LaVERNA MAE WITBART,

             Respondent/Appellant.

------------------------------------

ALLEN B. HOUSTON,

             Plaintiff and Respondent,

    -vs-

DELBERT HENRY WITBART, aka
DELBERT (DEL) H. WITBART &
LaVERNA MAE WITBART,

             Defendants and appellants.

------------------------------------

DEL H. WITBART, dba ACADEMY ENGINEERING
CONSTRUCTION,

             Plaintiff,

    -vs-

HARLAND E. BAUER and MARGARET
E. BAUER,

             Defendants and Respondents.

------------------------------------

CLARK BROTHERS CONTRACTORS, a Mont. corp.,

             Plaintiff and Respondent,

    -vs-

HARLAND E. BAUER, MARGARET E. BAUER
and DEL E. WITBART dba ACADEMY
ENGINEERING CONSTRUCTION,

             Defendants.

------------------------------------

WESTERN EQUIPMENT COMPANY,

             Plaintiff and Respondent,

    -vs-

DELBERT HENRY WITBART and LAVERNA
MAE WITBART,

             Defendants and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Cannon & Sheehy, Helena, Montana

    For Respondents:

        Gail Goheen, Hamilton, Montana
        John Greef, Hamilton, Montana
        Richard Weber, Hamilton, Montana
        Larry R. Meyer, Stevensville, Montana
        Robert B. Brown, Hamilton, Montana

Submitted on Briefs: Feb. 28, 1985
Decided: May 22, 1985

Filed: MAY 22 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This case is before this Court a second time. In the first case, Witbart v. Witbart (Mont. 1983), 666 P.2d 1217, 40 St.Rep. 994, this Court remanded because of an erroneous determination by the District Court that the Witbarts, in settling property matters during dissolution of marriage, had made a fraudulent conveyance. This Court determined that no fraudulent conveyance could have been made under the circumstances and remanded with instruction that a new trial be had consistent with the principles of law contained within the opinion. One principle of law specifically contained within the opinion was the ability of a court to reopen a judgment and revoke or modify settled property matters contained in a dissolution decree if fraud was present. On remand the District Court did find that the Witbarts had committed fraud. This appeal followed.

We affirm.

The circumstances which gave rise to this case are as follows:

Delbert Witbart contracted with the Bauers in 1979. Pursuant to the contract Delbert Witbart was to construct a road for the Bauers. A dispute arose and the Bauers refused to pay. Delbert Witbart filed a mechanic's lien against, and ultimately obtained judgment from, the Bauers. For the purposes of this opinion the Delbert Witbart-Bauers' judgment will be referred to as the judgment fund.

In the spring of 1980, prior to any judgment on the contract and lien, but while litigation on the contract and lien was pending, Delbert Witbart and his wife, LaVerna

Witbart, entered into a dissolution of marriage. In the separation agreement Delbert Witbart agreed to pay LaVerna Witbart $25,000. The agreement also required that any amount of this sum remaining due at the time that the judgment fund was satisfied would be payed from that judgment fund.

The remaining various parties to this action, Houston, Clark Brothers, and Western Equipment, are assignees of Delbert Witbart to the judgment fund. Houston became an assignee of $7,473.18 of the judgment fund on July 28, 1980. This assignment was made in relation to a debt that Delbert Witbart incurred when Houston loaned Delbert Witbart $10,000 on August 24, 1978. Clark Brothers became an assignee of $9,275.82 of the judgment fund on September 22, 1980. This assignment was made in relation to a debt that Delbert Witbart incurred when Clark Brothers completed a sub-contract in the Delbert Witbart-Bauer construction contract in 1979. Clark Brothers assigned its interest to Bauers. Western Equipment became an assignee of $5,616.35 of the judgment fund on April 27, 1981. This assignment was made in relation to a debt that Delbert Witbart incurred when Western Equipment repaired a piece of Delbert Witbart's equipment on June 13, 1980.

After judgment the judgment fund was valued at $26,677.47. LaVerna Witbart, Houston, Bauers as assignees of Clark Brothers, and Western Equipment, all claimed portions of the judgment fund. Trial, on remand, at District Court resulted in LaVerna Witbart being precluded again from access to the judgment fund. This time the District Court denied her claim because her claim was based on a dissolution of marriage settlement agreement obtained through fraud. The remaining parties were awarded priority to the judgment fund

as follows: Houston, Bauers as assignees of Clark Brothers, and Western Equipment. LaVerna Witbart appeals.

The first issue is whether the District Court erred in setting aside the Witbart's property settlement agreement as a fraud. This Court has already decided that a finding of fraud would justify reopening the Witbarts' dissolution decree and setting aside the property settlement agreement contained therein. Witbart v. Witbart (Mont. 1983), 666 P.2d 1217, 1220, 40 St.Rep. 994, 997. Absent fraud, LaVerna Witbart would be entitled to first priority to the judgment fund. Witbart, 666 P.2d at 1220.

At the time that Delbert Witbart and LaVerna Witbart entered into their separation agreement and at the time that the District Court issued the decree of dissolution the only significant asset in the Witbarts' marital estate was the potential recovery by Delbert Witbart in the judgment fund. However, in the Witbarts' separation agreement the parties agreed that Delbert Witbart would pay LaVerna Witbart $25,000 and that such payment would be made from the potential judgment fund to the extent that such payment had not been made before the judgment fund came into existence. The parties also agreed that LaVerna Witbart would transfer her interest in certain real property, jointly owned by the Witbarts, to Delbert Witbart. This transfer was of no immediate monetary significance as neither of the Witbarts had any equity in the real property, that is, it was secured to its maximum value by a trust indenture.

The appellant argues that there can be no fraud here because, at the time that the separation agreement was executed, March 27, 1980, Delbert Witbart anticipated that the judgment fund would be valued at $85,000. However, the

- 4 -

record shows that the total contract price in the Delbert Witbart-Bauers' contract was only $79,200 and there had been an immediate payment of $17,000 and a $25,000 progress payment. Delbert Witbart included $12,935.65 for additional work and down time when he filed a lien against Bauers and at the time Delbert Witbart filed a complaint against Bauers, he asked for an additional $18,500 for down time. The total possible recovery, not including interest or costs, was then $68,715.65. However, the Bauers had filed a counterclaim prior to the Witbarts' separation agreement. This counterclaim, if successful on all counts, would have required Delbert Witbart to pay $74,952.56 plus interest and costs. Furthermore, at the time of the Witbarts' execution of their separation agreement Delbert Witbart owed money to Houston on a promissory note dated August 24, 1979. The original sum payable on the note was $10,000 plus interest. In addition, at the time the separation agreement was executed, Delbert Witbart owed Clark Brothers $15,087.82 as subcontractors in the Delbert Witbart-Bauers' contract.

The Witbarts' failure to disclose these debts misled the District Court as to the actual financial status of the Witbarts and materially affected the actual value of their marital estate. This failure to disclose was fraud.

The marital estate is all property and assets belonging to either or both, however and whenever acquired. Section 40-4-202, MCA. Proper distribution of the marital estate cannot be made unless the parties to a dissolution proceeding have informed the court of all the marital assets and liabilities. In re the Marriage of Madden (Mont. 1984), 683 P.2d 493, 495, 41 St.Rep. 1332, 1334.

The second issue presented for review is whether the District Court erred in concluding that Houston, Bauers as assignees of Clark Brothers, and Western Equipment had standing to challenge the decree of dissolution and the incorporated property settlement agreement. The District Court did not err.

We have already determined that the judgment obtained by the Witbarts in their decree of dissolution was obtained by fraud for failure to disclose to the District Court the existence of certain liabilities. This fraud imposed on the District Court and misled it into a false judgment--one that, in this instance, wrongfully insulated property from creditors. The fraud here resulted in a judgment that adversely affected persons not before the court. The fraud was collateral to the matters tried by the court. Such fraud is extrinsic fraud. Hall v. Hall (1924), 70 Mont. 460, 467, 226 P. 469, 471. Extrinsic fraud justifies invoking the inherent equitable power of a court to reopen and set aside a judgment. Selway v. Burns (1967), 150 Mont. 1, 8, 429 P.2d 640, 644. Relief from a judgment obtained by extrinsic fraud may be granted on motion in the original action or in a separate suit in equity, that is, by independent action. Selway, 429 P.2d at 644.

Houston and Bauers, as assignees of Clark Brothers, were both creditors of Delbert Witbart at the time the Witbarts executed their separation agreement. Houston's and Bauers' interest could have been adequately protected if the District Court had been properly informed. Houston, Bauers as assignees of Clark Brothers, and Western Equipment were all assignees to the judgment fund. A certain amount of that judgment fund had been "secured" by a judgment obtained by

- 6 -

fraud. Houston, Bauers as assignees of Clark Brothers, and Western Equipment were adversely affected by the fraudulently obtained judgment. They were sufficiently affected by the judgment so as to warrant their "standing to sue" in equity.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices