In re Rolland B. MURDOCK, Debtor.

**Beth Ann MURDOCK, k/n/a Beth Ann Leonhardt, Plaintiff,**

v.

**SECURITY STATE BANK OF HARLEM, Rolland B. Murdock, and Robert G. Drummond, as Trustee, Defendants.**

**Bankruptcy No. 91–41140–007. Adv. No. 91/00100.**

United States Bankruptcy Court, D. Montana.

Dec. 6, 1991.

Gary S. Deschenes, Great Falls, Mont., for debtor Rolland B. Murdock.

Robert G. Drummond, Great Falls, Mont., trustee.

Wm. M. Solem, Burns, Solem & MacKenzie, Chinook, Mont., for Sec. State Bank.

Bruce E. Lee, Billings, Mont., for Beth Ann Leonhardt.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, the Plaintiff, former spouse of the Debtor, Rolland B. Murdock, seeks marshaling of assets to satisfy claims of secured lienholders pursuant to Mont.Code Ann. 31–2–105. After the answer by the Chapter 7 Trustee, who asserted an affirmative defense for marshaling in his favor, and Defendant Security State Bank of Harlem (Bank), the matter was set for trial, whereupon the parties submitted the record on stipulated facts. The Debtor did not appear and his default has been entered as he has no interest in the matter. Briefs have been filed by the parties and this matter is ready for decision.

The agreed facts are as follows:

1. Defendant, Security State Bank of Harlem, has a first and prior perfected lien on all farm machinery, equipment, and federal crop insurance proceeds, belonging to Rolland B. Murdock, and Paul Murdock, individually, and doing business as Murdock Farms, a partnership, and crops grown on Blaine County lands owned or leased by Rolland B. Murdock and Paul Murdock, individually, and doing business as Murdock Farms, for the years 1989, 1990, 1991, 1992 and 1993, together with the proceeds of sales therefrom.

2. As of October 30, 1991, Rolland B. Murdock and Paul Murdock, individually, and doing business as Murdock Farms, a partnership, jointly and severally owe the Defendant, Security State Bank of Harlem, the following amount:

| | |
|---|---|
| Principal | $234,285.95 |
| Interest to 10/30/91 | 18,724.45 |
| TOTAL: | $253,010.40 |

Interest is at a variable rate, 0.500% over Defendant, Security State Bank's index, and currently accrues at the rate of $72.1534 per day from October 30, 1991.

3. That Plaintiff, Beth Ann Murdock, k/n/a Beth Ann Leonhardt, has a perfected lien on and security interest in all farm machinery and equipment owned by Rolland B. Murdock, subject and second only to the prior lien of Defendant, Security State Bank of Harlem.

4. As of October 30, 1991, Rolland B. Murdock, owes to Plaintiff, Beth Ann Murdock, k/n/a Beth Ann Leonhardt, the following amount:

| | |
|---|---|
| Principal | $45,764.35 |
| Interest to 10/30/91 | 5,780.24 |
| TOTAL: | $51,544.59 |

Interest accrues at the rate of 10% per annum, and currently accrues at the rate of $12.54 per day from October 30, 1991. This secured debt is an installment property obligation pursuant to a divorce decree between Rolland B. Murdock and Beth Murdock, which divorce decree is final as of April 15, 1990.

5. United Grain Corporation of Fort Benton, Montana, has in its possession, proceeds from the 1990 grain sales, in the amount of $19,384.10. Security State Bank has a first lien position on said proceeds. Plaintiff Beth Ann Murdock, k/n/a Beth Ann Leonhardt, does not have a lien on said proceeds.

6. Crop Hail Management, of Kalispell, Montana, has in its possession, proceeds from the 1990 Federal Crop Insurance, in the amount of $24,844.00. Security State Bank has a first lien position on said proceeds. Plaintiff Beth Ann Murdock, k/n/a Beth Ann Leonardt, does not have a lien on said proceeds.

7. Bass Auction, Inc., of Lewistown, Montana, has in its possession, proceeds of an auction of farm machinery and equipment, held on May 16, 1991. The gross proceeds are computed as follows:

| | |
|---|---|
| Proceeds of Sale: | $367,258.00 |
| Less: | |
| J.I. Case Notes | (122,000.00) |
| Repair of Tractor, North State Supply | (500.50) |
| Cenex—emptying fuel tank | (135.00) |
| Barber Seed Cleaner Not paid for. | (700.00) |
| J.I. Case Credit— Check dated 6/20/91 | (5,448.79) |
| Proceeds in hands of Bass Auction, Inc. | $238,473.71 |
| Less: | |
| Lien on Grain Bins | (4,720.00) |
| NET: | $233,753.71 |
| Fees, cost and commission claimed by Bass Auction, Inc. (disputed) | *(32,903.26) |
| NET AFTER DISPUTED COMMISSION: | $200,850.45 |

* (Bass Auction, Inc.'s commission in the amount of $30,625.80 and advertising expenses of $2,277.46 are in dispute, as first lienholder, Security State Bank, and second lienholder, Beth Ann Murdock, did not consent to the auction or subordinate their lien positions to Bass Auction, Inc.)

---

Defendant, Security State Bank of Harlem, has a first lien position on said net proceeds. Plaintiff Beth Ann Murdock has a second lien position in the interest of Rolland B. Murdock (½ thereof), in said auction proceeds. Bass Auction, Inc., claims that it may withhold from said proceeds its auction fees, costs and expenses of $32,903.26, which claim is disputed.

8. Defendant, Security State Bank of Harlem, has in a custodial account, the proceeds from the 1991 grain sales on the Fisher land in the amount of $9,335.57. Security State Bank has a first lien position on said proceeds. Plaintiff, Beth Ann Murdock, k/n/a Beth Ann Leonhardt, does not have a lien on said proceeds.

9. Defendant, Security State Bank of Harlem, has in a custodial account, the proceeds from the 1991 grain sales on the Farm Credit Service land in the amount of $57,315.82. Security State Bank has a first lien position on said proceeds. Plaintiff Beth Ann Murdock, k/n/a Beth Ann Leonhardt, does not have a lien on said proceeds.

10. All property and collateral, together with the proceeds thereof, is owned ½ by Rolland B. Murdock, and ½ by Paul Murdock.

11. The Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1334(b), 157 and 151, and this cause relates to *In re Rolland B. Murdock, Debtor,* Cause No. 91–41140–007, Chapter 7, filed in the United States Bankruptcy Court, District of Montana. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and otherwise.

■ At the outset, I note the absence in this proceeding of Paul Murdock, one-half owner of the secured collateral, as a party defendant. No explanation is provided in the file or by the parties as to why Paul Murdock was not joined as party defendant. In an exhaustive analysis of the doctrine of marshaling, *In re Vermont Toy Works, Inc.,* 82 B.R. 258, 290 (Bankr.Vt. 1987), applying Vermont law holds:

Before a Court invokes the equitable doctrine of marshaling, either the funds on which marshaling may be impressed, or all of the parties must be subject to the Court's jurisdiction:

And in marshalling [sic] assets strictly, it is always regarded as indispensable that all the parties in interest should be before the court, so that the decree shall be final and conclusive upon their rights; or at the very least, that the fund should be so before the court that the judgment might operate in rem. *Shedd & Co. v. Bank of Brattleboro,* 32 Vt. 709, 717 (1860).

Bankruptcy Courts are courts of equity. They are the gatekeepers of the fair allocation of assets to creditors. As such, when faced with facts which demand a remedy for inequitable conduct they have fashioned various exceptions to marshaling's technical requirements of two or more funds, one of which would otherwise be considered a non-asset asset.

Since the funds are before the court, and all present parties recognize the interests of Paul Murdock, I proceed to determination of the issues. Furthermore, both the Trustee and the Bank's positions are aligned with that of Paul Murdock.

■ Montana Code Annotated section 31–2–105 provides:

**Relative rights of different creditors.** Where a creditor is entitled to resort to each of several funds for the satisfaction of his claim and another person has an interest in or is entitled as a creditor to

resort to some but not all of them, the latter may require the former to seek satisfaction from those funds to which the latter has no such claim, so far as it can be done without impairing the right of the former to complete satisfaction and without doing injustice to third persons.

See, also, Witbart v. Witbart, 204 Mont. 446, 666 P.2d 1217 (1983), applying such code provision without discussion of marshaling principles.

In *Owens–Corning Fiberglass Corp. v. Center Wholesale, Inc., et al. (In re Center Wholesale, Inc.)*, 759 F.2d 1440 (9th Cir.1985), the Court, addressing an identical marshaling statute of California, held, following *Duck v. Wells Fargo Bank (In re Spectra Prism Industries*, 28 B.R. 397 (9th Cir. BAP 1983), as follows:

> Because the validity, nature, and effect of liens are governed by the law of the state where the property is located, and because California law after *Shedoudy* [v. Beverly Surgical Supply Company, 100 Cal.App.3d 730, 161 Cal.Rptr. 164 (1980)] gives judicial lien creditors, such as the debtor in possession under § 544, the power to block a marshaling order, we hold as a matter of law that Center has standing to block Owens–Corning's request for marshaling.

In a second decision involving *Center Wholesale, Inc.*, the Ninth Circuit Court of Appeals further explained the doctrine of marshaling in *In re Center Wholesale, Inc. (II)*, 788 F.2d 541, 544 (9th Cir.1986) as follows:

> Finally, Center's interpretation of our decision would constitute a silent departure from existing law. We have found no authority for the proposition that a trustee or debtor in possession may *require* a senior lienor to satisfy its claim out of a junior lien's collateral. To the contrary, the cases upon which we relied in our prior opinion indicate the opposite result. *See In re Spectra Prism Industries, Inc.*, 28 B.R. 397, 399 (9th Cir. BAP 1983) (imposition of marshaling must avoid injustice to third persons, such as other lien creditors); *Shedoudy v. Bever-ly Surgical Supply Co.*, 100 Cal.App.3d 730, 734, 161 Cal.Rptr. 164, 166 (1980) (marshaling is never applied when the result would be inequitable). If we had intended so radical a departure from existing law, we would have stated our intentions far more clearly. We agree with the reading given our prior opinion by the author of Note, *Marshaling Assets in Bankruptcy: Recent Innovations in the Doctrine*, 6 Cardozo L.Rev. 671, 688 (1985), that

> Marshaling prevents a senior secured party from willfully choosing the double-encumbered fund to the prejudice of junior secured parties. If the senior secured party does not choose the double-encumbered fund, however, there is not reason to think that a bankruptcy court would force the senior secured party to act detrimentally to the junior secured party. If the Ninth circuit has destroyed marshaling, it has not invented a new doctrine of "reverse marshaling."

*Spectra Prism*, supra, explains and defines the elements of marshaling under section 31–2–105, to-wit:

> Marshalling [sic] is an equitable doctrine developed historically and traditionally used to prevent a junior lienholder with a security interest in a single property from being squeezed out by a senior lienholder with a security interest not only in that property, but in one or more additional properties. The doctrine requires the senior lienholder to first resort to assets free of the junior lien to avoid the inequity which would otherwise result from the unnecessary elimination of the junior lienholder's security with the increased likelihood the junior creditor will be unable to satisfy its claim.

*Shedoudy v. Beverly Surgical Supply Co.*, 100 Cal.App.3d 730, 733, 161 Cal. Rptr. 164 (1980). The basis for marshalling [sic] is in California Civil Code §§ 2899 and 3433.

There are *four* basic requirements which must be met before a marshaling order may be imposed on a second lienholder. First, there must be two or more

funds. Second, only one of the creditors may have the right to resort to both funds. Third, there must be an absence of prejudice to the senior lienholder. Finally, the imposition of marshaling must avoid injustice to third persons. *Victor*

*Gruen Associates v. Glass*, 338 F.2d 826, 829 (9th Cir.1964). *Id.* at 398–99.

The result from positions of the Plaintiff and Trustee applying section 31–2–105 would be as follows:

A. Plaintiff's Position on Distribution of Collateral:

| | | | |
|---|---|---|---|
| Bank Debt | | | $253,010.40 |
| Less: | | | |
| | a. 1990 Grain Proceeds | $ 19,384.10 | |
| | b. 1990 Federal Crop Insurance Proceeds | 24,844.00 | |
| | c. 1991 Grain Sales | 66,671.39 | |
| Total Applied To Bank Debt | | $110,899.49 | |
| | Balance Due Bank: | | $142,110.91 |
| Less: | | | |
| | Auction Proceeds from Farm Machinery | $200,850.45 | |
| | Balance to Junior Lienholder: | | $ 58,739.54 |
| Distribution: | | | |
| ½ to Plaintiff | | $ 29,369.77 | |
| ½ to Paul Murdock | | 29,369.77 | |

---

Therefore, Defendant Bank, as senior secured creditor, would be paid in full and the Trustee would receive no proceeds due to the prior secured lienhold position of Plaintiff in the farm machinery and equipment against the Trustee.

B. Trustee's Position on Distribution of Collateral:

| | | | |
|---|---|---|---|
| Bank Debt: | | | $253,010.40 |
| Less: | | | |
| | Auction Proceeds from Farm Machinery | | 200,850.45 |
| | Balance of Bank Debt: | | $ 52,159.95 |
| Less: | | | |
| | 1990 Grain Proceeds | $ 19,384.10 | |
| | 1990 Federal Crop Insurance Proceeds | 24,844.00 | |
| | 1991 Grain Proceeds | 9,355.57 | |
| | Total | $ 53,583.75 | |
| | To Bank In Payment of Debt: | | $ 52,159.95 |
| | Balance: | $ 1,423.80 | |
| | Plus 1990 Grain Sales: | 57,315.82 | |
| | Balance: | $ 58,739.62 | |
| Distribution: | | | |
| ½ to Trustee | | $ 29,369.81 | |
| ½ to Paul Murdock | | 29,369.81 | |

---

Defendant Bank would be paid in full and Plaintiff would receive no payment since all proceeds of her collateral were applied to the senior lien of the Bank. The Bank supports the Trustee's position under the marshaling doctrine.

The Trustee argues that his position should be sustained in order to satisfy the interest of Paul Murdock, a co-obligor on the Debtor's obligations. The Trustee argues that to allow Plaintiff to marshall assets according to her position would be unjust to the third party Paul Murdock, since the unsecured creditors would look to him for satisfaction of the partnership debts. I fail to follow that logic since under either position Paul Murdock is left with the same funds. True, the unsecured creditor of the Debtor may then look to him for the balance of the partnership debts, but that is done to the prejudice of the junior lienholder Plaintiff.

To summarize, the secured claims are held in the following manner:

| | Farm Machinery | Grain | Insurance Proceeds |
|---|---|---|---|
| 1. | Bank | Bank | Bank |
| 2. | Plaintiff | Trustee | Trustee |
| 3. | Trustee | | |

---

██ *Center Wholesale* and *Spectra Prism*, supra, stand for the proposition that imposition of marshaling must avoid a prejudicial result to third persons, and denied a trustee's authority to apply reverse marshaling, i.e., a trustee may not require a senior lienor, such as the Bank, to satisfy its claim out of a junior lienor's collateral. Yet that is exactly what the Trustee and Bank urge this Court to do. Under their scenario, the junior lienholder Plaintiff would lose her valid lien in the farm machinery by forcing or requiring the Bank to be paid first out of the doubly liened fund of the farm machinery proceeds. The law is fairly clear that while this Court has the equitable power to order marshaling, it will not be applied at the request of the Trustee to the detriment of a senior and junior lien creditor. *Canal National Bank v. Larry's Equipment Service, Inc. (In re Larry's Equipment Service, Inc.)*, 23 B.R. 132, 134 (Bankr.Me.1982). *Meyer v. United States*, 375 U.S. 233, 236, 84 S.Ct. 318, 320, 11 L.Ed.2d 293 (1963), quoting *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456–57, 45 S.Ct. 528, 530–531, 69 L.Ed. 1041 (1925) states the marshaling doctrine rests "Upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." Because the Trustee's position would defeat entirely the perfected junior lien of the Plaintiff, marshaling in his favor would be inequitable. The doctrine requires the senior lienholder to first resort to assets free of the junior lien to avoid the inequity which would otherwise result from the unnecessary elimination of the junior lienholder's security with the certain likelihood in this case the junior creditor will be unable to satisfy her claim.

The Bank must first look to the grain and insurance proceeds, and then to the farm machinery proceeds, in that order, to satisfy its claim. The balance of funds from the farm machinery sale are then due the junior lienholder Plaintiff in partial satisfaction of her perfected claim.

IT IS ORDERED distribution of the proceeds shall be as follows:

1. Defendant Bank shall have its first secured lien satisfied from all of the proceeds of the grain sales and insurance funds, with the balance of that claim to be paid from the proceeds of the auction sale of the farm machinery and equipment;

2. Plaintiff shall have her secured lien on farm machinery satisfied from the balance of the proceeds from the auction sale

of the farm machinery and equipment, subject, nevertheless, to one-half of such balance being payable to the joint owner, Paul Murdock;

3. The Trustee's Affirmative Defense to marshal assets is denied.

The Clerk shall enter Judgment accordingly.